## Case No. 14,091.
### TOMPKINS v. TOMPKINS.
[1 Story, 547.][1]

Circuit Court, D. Rhode Island. June Term, 1841.

RES JUDICATA—PROBATE OF WILL—COLLATERAL PROCEEDING—TITLE TO REAL ESTATE—PROBATE COURTS—EFFECT OF PROBATE IN ENGLAND.

1. In England, the probate of a will by the proper ecclesiastical court is conclusive as to personalty, but it is not even evidence as to the

[1] [Reported by William W. Story, Esq.]

real estate, inasmuch as the court has no jurisdiction except over wills of personal estate.

2. The validity of wills of real estate is solely cognizable by courts of common law, and the verdict and judgment thereon are conclusive only as between the parties to the suit and their privies.
[Quoted in State v. McGlynn, 20 Cal. 241. Cited in Re Jackman, 26 Wis. 107.]

3. The courts of probate in Massachusetts have complete jurisdiction over the probate of wills of both real and personal estate, and its decrees are conclusive upon all parties, and not reëxaminable in any other court.
[Cited in Smith v. Fenner, Case No. 13,046; Langdon v. Goddard, Id. 8,060.]
[Cited in Rogers v. Stevens, 8 Ind. 467; Johns v. Hodges, 62 Md. 538; Parker v. Parker, 11 Cush. 528; Allison v. Smith, 16 Mich. 417.]

4. Held, in the present case, that the probate of a will by the supreme court of the state of Rhode Island, is, under the state laws, final and conclusive upon the validity of the will, to pass the real estate in controversy.
[Cited in Moore v. Greene, Case No. 9,763.]
[Quoted in State v. McGlynn, 20 Cal. 241. Cited in Olney v. Angell, 5 R. I. 202.]

Action of trespass and ejectment. The parties agreed to the following statement of facts: Gideon Tompkins, on the 31st day of December, A. D. 1836, made and executed his last will and testament, thereby disposing of all his estate, both real and personal, and afterwards died. The said will at a court of probate holden in Little Compton on the —— day of ——, A. D. 1837, was duly proved, approved, and ordered to be recorded. From the decree of the said court, approving said will, an appeal was taken to the then next term of the supreme judicial court, for the county of Newport, being the supreme court of probate in said county, on the ground of the incompetency of the testator at the time, to make a will. Upon the trial of the said appeal, the said supreme judicial court confirmed the decree of the said court of probate, proving and approving the said will. The present suit is brought by [Silas Tompkins] one of the heirs at law, residing in Massachusetts, against [Thomas G. Tompkins] the executor, named in the will, and devisee of the real estate, for his undivided share of the said real estate, as one of the heirs at law of the said testator, and as though the said testator had, in fact, died intestate; and he relies on proof, that he offers, of the insanity or incompetency of the said testator, at the time of the execution of the said will, as sufficient to set the same aside as void. If this honorable court should be of opinion, that the probate of the said will, made and confirmed as herein stated, is conclusive upon the parties, and sufficient to pass an absolute title to real estate to the said devisee, then the plaintiff agrees to become nonsuit. But, if the court should be of a different opinion, and decide that the plaintiff may in this action go to the jury with evidence of insanity, or incompetency as aforesaid, then the parties agree that the said cause shall be set down for trial at the next term of this court.

It was contended, in behalf of the plaintiffs, that the probate of the will in Rhode Island is not conclusive as to real estate, but only as to personal estate, and that the question, whether there is a devise of real estate or not, remains open, and can only be settled through an issue or trial at law. The cases of Smith v. Fenner [Case No. 13,046], and Spencer v. Spencer [Id. 13,233]. recognize such to be the practice in Rhode Island, which, whether right or wrong, can only be remedied by the interposition of the legislature, and not by judicial determination. In the case of Smith v. Fenner [supra], it was alleged on the one side (says the reporter) and denied on the other, that by the law of Rhode Island a probate of a will was conclusive, as well to real as personal estate. But on the counsel for the defendant expressing a willingness to go into the evidence, and intimating that they would reserve the question ultimately for the consideration of the court, if the case should require it, the evidence was admitted to go to the jury. The court in that case say: "Supposing that in Rhode Island the probate of a will is not conclusive, (on which, says the presiding judge, I give no opinion,) an erasure or alteration in it after execution does not avoid the will in toto." This reference is made merely to show, that in 1812, this court had not decided the question now submitted for their consideration, and at that time some of the oldest, most experienced, as well as ablest lawyers of our bar, understood the law in this state to be, what, we contend, it then was, and now is. It will be recollected, that at that time, to wit, in 1812, the controversy was under a will of the testator made in March, 1871, and proved the 4th of February, 1788. In the case of Spencer v. Spencer [supra], the court say: "It is understood to have been the practice in Rhode Island to consider the probate of a will conclusive only as to personal estate, probably from a misapplication of the rule, as to probate in the ecclesiastical courts in England. The decisions in England rest on the ground, that the ecclesiastical courts have no jurisdiction, except as to personal estates. The law is otherwise in Rhode Island. Its probate courts have complete jurisdiction as to wills, in respect both to real and to personal estates. A will purporting only to affect real estate must still be submitted to their jurisdiction for probate. I have always understood, that a decree of a court of competent jurisdiction, upon the very point in controversy, is conclusive upon other courts, at least, unless fraud be shown. It is on this ground, that an ecclesiastical probate is conclusive, as to personal estate, in England. And by parity of reasoning, in Massachusetts, where the general laws in respect to wills are almost the same as in this state, the regular probate of a will is held conclusive, as well to real as personal estate. However, I do not mean to press the point; it will be time enough to decide it, when the case absolutely requires it. If the practice

be founded in error, it ought to be corrected." This opinion of this court is quoted to show their recognition of the law, as, we contend, it now exists, and always has existed, in this state, which, as it is local in character and operation, the court will not hastily overrule. The cases of Bogardus v. Clarke, 1 Edw. Ch. 266; Montgomery v. Clark, 2 Atk. 378; Clark v. Dew, 1 Russ. & M. 103; Vanderheyden v. Reid, 1 Hopk. Ch. 413,—sustain the position, that such is the doctrine in England, which, being a portion of the common law, has been adopted in Rhode Island, in New York, and in other states of this Union, and which still continues in force. If the decisions in Massachusetts, with regard to this point, differ from the English decisions, it grows out of the fact, that the subject in relation to wills is, in Massachusetts, peculiarly of probate jurisdiction, and unlike the jurisdiction of probate courts in any other state. Laughton v. Atkins, 1 Pick. 535.

It was contended, in behalf of the defendant, that the probate of a will, devising real estate in Rhode Island, is conclusive; 1st. Because the powers of courts of probate are general, and include wills of real estate, as well as personal estate. 2d. Because, having such general jurisdiction, their decision is conclusive upon all the points involved in the probate of a will. The jurisdiction of the ecclesiastical courts in England is exclusive only with regard to personal property; and the practice in New York is similar to the English practice, because they have adopted the English law, and have never since repealed it. But, in Rhode Island, the settlement of the estates of persons deceased is matter of statute law, and provision is made thereby for the whole subject in "An act for establishing courts of probate" (Laws R. I., Dig. 1822, p. 211), by which power is given, to take the probate of wills, to make partition of estates, and to assign dower to widows, as prescribed by law. In both these latter cases, in order to execute the power given, the courts must have jurisdiction of real estate. That the intent of the legislature was to give this general jurisdiction, is further shown by the act passed in 1822, providing for, and directing the manner of filing and recording wills proved without the state. Laws R. I., Dig. 1822, p. 221. That act provides for the manner of proving a foreign will, where the testator has "real or personal estate," within the state, and gives the courts of probate jurisdiction over the matter. By the state laws (Id. pp. 224, 225, 227, 243) authority is given to divide the real estate of any person deceased, intestate. Sections 5 and 6 (page 227) of the state laws, invest courts of probate with power to divide "real estate, holden in common, by devise in any last will," which seems an express grant of jurisdiction of real property devised. The case of Smith v. Fenner [supra], intimates the opinion, that probate of wills in Rhode Island is conclusive; and the case of Spencer v. Spencer [supra], is

sufficient to decide the question. The doctrine, contended for in the present case, is fully confirmed and recognized by the decisions in Massachusetts. Osgood v. Breed, 12 Mass. 531; Laughton v. Atkins, 1 Pick. 535; Inhabitants of Dublin v. Chadbourn, 16 Mass. 433; Picquet v. Swan [Case No. 11,133]; Cassels v. Vernon [Id. 2,503]. And, also, in 8 N. H. 116; 1 Nott & McC. 326; 1 Day, 170; 3 Day, 318.

Turner & Pearce, for plaintiff.

Mr. Cranston and A. C. Greene, for defendant.

STORY, Circuit Justice. The only question in this cause is, whether, in Rhode Island, the probate of a will, by the proper probate court of the state, is conclusive, as to the real estate, as it certainly is, as to the personal estate of the deceased. We all know, that in England the distinction has been constantly maintained, that the probate of a will by the proper ecclesiastical court is conclusive, as to the personalty, but that it is not even evidence, as to the real estate. The reason is, that the ecclesiastical courts have no jurisdiction whatsoever, except over wills of personal estate; and, therefore, the probate thereof, by the sentence or decree of those courts, is wholly inoperative and void, except as to personal estate. The validity of wills of real estate is solely cognizable by courts of common law, in the ordinary forms of suits; and the verdict of the jury in such suits, and the judgment thereon, are by the very theory of the law, conclusive only as between the parties to the suit, and their privies. But it is far otherwise in cases of personal estate. The sentence or decree of the proper ecclesiastical court, as to the personal estate, is not only evidence, but is conclusive as to the validity or invalidity of the will; so that the same question cannot be re-examined or litigated in any other tribunal. The reason is, that it being the sentence or decree of a court of competent jurisdiction, directly upon the very subject matter in controversy, to which all persons, who have any interest, are, or may make themselves, parties, for the purpose of contesting the validity of the will, it necessarily follows, that it is conclusive between those parties. For otherwise there might be conflicting sentences or adjudications upon the same subject matter between the same parties; and thus the subject matter be delivered over to interminable doubts; and the general rules of law, as to the effect of res judicata, be completely overthrown. In short, such sentences are treated as of the like nature, as sentences or proceedings in rem, necessarily conclusive upon the matter in controversy, for the common safety and repose of mankind. This doctrine was fully considered and established in the great case of the Duchess of Kingston, before the house of lords, 11 Harg. State Tr. 261, s. c. 20 How. State Tr. 538, where Lord Chief Justice De Grey declared the opinion of all the judges. It has, also, on various occasions, been considered and recognized in the supreme court of the United States; and especially in Croudson v. Leonard, 4 Cranch [8 U. S.] 434; The Mary, 9 Cranch [13 U. S.] 126; Gelston v. Hoyt, 3 Wheat. [16 U. S.] 246; Armstrong v. Lear, 12 Wheat. [25 U. S.] 169; Elliot v. Piersol, 1 Pet. [26 U. S.] 338; and Thompson v. Tolmie, 2 Pet. [27 U. S.] 157. Lord Chief Justice De Grey, in delivering the judgment of all the judges, in the case of the Duchess of Kingston, said, that two deductions seem to follow as generally true: "First, that the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, or, as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction directly upon the point, is, in like manner, conclusive upon the same matter between the same parties, coming incidentally in question in another court for a different purpose."

Now, it is upon the very ground of these principles, and of the courts of probate of Massachusetts having complete jurisdiction over the probate of wills of real estate, as well as of personal estate, that the doctrine has been constantly held in Massachusetts, in entire conformity to the true reasoning, maintained in the common law, that the decree of a court of probate, establishing a will, or setting it aside, as a nullity, has been held conclusive upon the very point, as to all the world, and that it is not re-examinable in any other court. The statutes of Massachusetts (Act 1783, c. 46; Act 1817, c. 190) contain no exclusive words; but merely declare, that a court of probate shall be held within each county, and a judge appointed "for taking the probate of wills, and granting administrations on the estates of persons deceased." And this has been universally understood, as giving that court, not merely a concurrent, but an exclusive jurisdiction as to the probate of all wills. Osgood v. Breed, 12 Mass. 525, 533, 534; Laughton v. Atkins, 1 Pick. 535, 547–549; Inhabitants of Dublin v. Chadbourn, 16 Mass. 433, 441. But the question now before the court, is one purely of local law, and to be governed exclusively by the actual jurisprudence of Rhode Island. If, therefore, there has been any fixed, and established rule, adopted by the courts on this subject, it will be our duty to follow it. If there has been none, our duty will be to follow out the case upon principle and the known analogies of the law. I am not aware, that there is any adjudication of the supreme court of Rhode Island on the point, applicable to the present state of its laws. When, many years ago, the question occurred incidentally before this court, in Smith v. Fenner [supra], and in Spencer v. Spencer [supra], no positive or established rule was known; and the most,

that could be said was, that there was a common opinion, prevailing among the bar in practice, but without any fixed authority to support it. I believe, that it was the opinion at that time of a very eminent person, then district judge, (the late Judge Howell,) that the question was entirely open. Since that period, nothing has been brought to our knowledge, that changes the posture of the question. We must, therefore, dispose of it upon principle, with reference to the laws of Rhode Island.

By the laws of Rhode Island, the probate courts of that state have complete jurisdiction as to the probate of wills, whether the wills respect real estate, or personal estate, or both; and no title can be made to any property, whether real or personal, under any will, unless and until there has been a due probate of such will before the proper probate court. The Revised Statutes of Rhode Island, of 1822 (Dig. 1822, p. 211), provide: "That the town councils in the several towns of the state, be, and they hereby are, constituted courts of probate, and they or the major part of them respectively shall have full power and authority to take the probate of wills, to grant administrations on the estates of persons deceased, being at the time of their decease inhabitants of or residents in the town, to which such court of probate may belong, and also on the estates of persons, who, at the time of their decease, were not inhabitants or residents within this state, &c., provided any of the rights, credits, or estate of such deceased person shall be found therein." No distinction is here taken between wills of personal estate and wills of real estate; and the word "estate," in the section, equally applies to both. The act goes on to authorize the courts of probate to "make partition of estates, and assign dower to widows, as prescribed by law"; and gives a right of appeal from the decrees of the courts of probate to the supreme court of the state. It further gives the courts authority to remove executors upon the complaint of an heir, devisee, legatee, creditor, or surety on the administration bond, who may have been injured or exposed to injury; and to appoint an administrator de bonis non with the will annexed. The act of 1822, prescribing the manner of devising lands, &c., and of disposing of personal estate by will (Dig. 1822, p. 218, § 10), requires such will to be proved, and recorded, or presented in the clerk of probate's office, by the executor within thirty days after the decease of the testator. And provisions are also made for the due filing and recording of foreign wills touching real or personal estate in the state, in the proper probate court. Id. pp. 221, 222. By the act respecting intestate estates (Id. pp. 224, 235, § 2), the real estate of the deceased is made chargeable with all his debts, which the personal estate will not satisfy; and the heir or devisee, within three years and six months after the probate of the will or administra-

tion, cannot incumber or alien the estate, but the same may be sold by the executor or administrator, for the payment of debts, by a license from the supreme court (Id. p. 235, § 27); and the executors and administrators are to account for the proceeds of the sale to the proper court of probate, by which the letters testamentary were granted. By a later enactment, the like power to license the sale of real estate is extended to courts of probate. Neither is it left to mere inference, whether the power of courts of probate to make partition or division of real estates, applies merely to cases of intestacy; for it is expressly provided, that it shall apply, as well to devised, as to intestate estates. Id. 1822, pp. 224, 225, § 3, and page 227, § 5.

These provisions sufficiently establish, that the probate of wills of real estate is equally within the jurisdiction of the courts of probate, as wills of personal estate. The very right of these courts to assign dower and make partition of estates, demonstrates, that their authority is not limited to personal estate. Now, if the probate of wills of all sorts is within the jurisdiction of these courts, why does not the common doctrine, which has been already stated, that the decree of these courts, affirming the probate of a will, or disaffirming it, (whether the courts have a concurrent, or an exclusive jurisdiction,) apply in the fullest manner to them? Infinite inconveniences would arise in practice from any other doctrine. Suppose a will should be approved by the proper court of probate, and a partition of the real estate of the testator be made accordingly by the decree thereof, would not such a partition be conclusive upon all the parties in interest? And how can it be conclusive, if the validity of the will is again reëxaminable at the common law, toties quoties, whenever any heir or devisee shall choose to contest it? Suppose a will should be pronounced invalid and a nullity by the proper court of probate, and the court should proceed to decree an assignment of dower, and a division of the real estate among the heirs, as in a case of intestacy; would not such an assignment and division be conclusive? And how can it be, if the validity of the will be again reëxaminable at the common law? Suppose a will is approved by the proper court of probate, and the executor is thereby recognized, and afterwards he procures an authority from the supreme court to sell the real estate of the deceased for the payment of debts, can his sale be overhauled, by contesting the validity of the will, or that he is truly executor, in a suit at the common law by any heir? And yet if the probate be not conclusive, how is this consequence to be avoided? Is not the probate conclusive as to the executorship; and how can it be, if there is no valid will? These are but a few of the practical difficulties, which would arise upon the subject. In short, there can be no difference, in point of principle, where the court of probate has

an absolute and positive jurisdiction, whether the will respects real estate, or personal estate. In each case, the will must be equally open to controversy in all other courts and suits, or it is closed in all. Yet no one pretends, that the probate is not conclusive, as to the personal estate of the testator, and the title of the executor thereto.

It may be added, that by the act of Rhode Island of 1822 (Dig. 1822, p. 212, § 3), upon an appeal to the supreme court in cases of wills, any question of fact in controversy, at the election of either of the parties, may be tried by a jury. Now, as all the parties interested in the estate devised by the will, may make themselves parties to the original proceedings, and also upon the appeal, and the verdict of the jury upon the matters of fact in controversy must be directly upon the very point so put in issue, it would be extraordinary, if any of the parties in the cause (and all the heirs and devisees are, or may be parties thereto) should be at liberty afterwards to controvert and to bring into contestation the very facts, found by such verdict, toties quoties, in any suit at the common law. That would be to enable them to defeat the whole purposes of the act, and to prevent the decree from having any effect whatever, or at least, any conclusive effect. So that, until the statute of limitations had operated on the will, and the titles derived therefrom, there would be no repose to any such titles. The act of 1822, in this particular, differs from the antecedent law under the Digest of 1798; and the introduction of this right of a trial by jury was undoubtedly intended to guard against the supposed inconvenience, which might arise from the conclusiveness of a decree of the supreme court upon matters of fact, without the intervention of a jury.

Upon the whole, in the absence of all controlling authorities under the local law, looking at the matter upon principle, I am of opinion, that the probate of the present will by the supreme court of the state, being a court of competent jurisdiction, is final and conclusive upon the question of the validity of the will to pass the real estate in controversy.