In the Matter of Proving the Last Will and Testament of CHARLES CHAPMAN BACKUS, Deceased, as a Will of Real and Personal Property.

HENRY CLINTON BACKUS, Appellant; CORNELIA C. NEARING, Respondent.

*Will — revocation of, by another writing — manner of the execution of such writing.*

A deed effecting a complete disposition of the grantor's property and containing the following clause: "And I, Charles C. Backus (the grantor), aforesaid, hereby revoke, annul and cancel any last will and testament by me heretofore made, sealed, subscribed, published and declared as and for my last will and testament," signed by the grantor in the presence of three subscribing witnesses, to whom the deed has been read over and to whom the grantor has stated that the instrument is "his act and deed," operates as a complete revocation of the former will, even as to after-acquired property.

The provisions of the Revised Statutes relating to the revocation of wills (2 R. S. 64, 65, §§ 42, 43, 47, 48), permitting the revocation of a will by "some other writing," executed with the same formalities as a will, do not require that such writing should be characterized as a will by the person executing it, where that term does not indicate the true character of the writing.

APPEAL by Henry Clinton Backus, one of the heirs at law, contestant, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 20th day of November, 1899, admitting to probate a certain paper purporting to be the last will and testament of Charles Chapman Backus, deceased.

*Samuel G. Adams,* for the appellant.

*Charles M. Demond,* for the respondent.

O'Brien, J. :

This appeal was taken to determine whether the surrogate correctly admitted to probate a certain will executed March 23, 1880, by Charles C. Backus, who died February 13, 1899, the question being whether such will was revoked by a deed of trust executed by the testator on July 19, 1897.

The deed conveyed all his property to be held in trust during his life for his use and benefit and that of his two children — a son, who was made trustee and who is the appellant here, and a daughter — and, after his death, set apart a sum in payment for the trustee's services, and of the remaining property gave one-half to the son and created a trust of the other half for the daughter during her life. In addition, the trust deed contained the provision : " And I, Charles C. Backus, aforesaid, hereby revoke, annul and cancel any last will and testament by me heretofore made, sealed, subscribed, published and declared as and for my last will and testament." The deed was subscribed by Charles C. Backus in the presence of three subscribing witnesses, who state that he declared to them that it was " his act and deed," and one of whom testified that, according to his recollection, the deed was read over to them previous to their signing. No question was raised as to the form or manner of execution of the will dated March 23, 1880, which, after the hearing, the surrogate admitted to probate.

The appellant urges that the deed was a complete revocation of the former will, because it was a legal revocation, and because it disposed of all the property, and is, therefore, a bar to the probate of the will. The respondent contends that the deed did not comply with the formalities of law as to revocation of wills, because there is no evidence that Charles C. Backus declared the instrument to be his last will and testament; and that as a deed the instrument is no bar to the probate of the will because, even if it affects some of the testator's property, it has no bearing on property acquired subsequent to the execution of the deed.

The law concerning the revocation of wills is set forth in the Revised Statutes (2 R. S. 64, 65, §§ 42, 43, 47, 48) as follows : " No will in writing, except in the cases herein after mentioned, nor any part thereof, shall be revoked or altered otherwise than by some other will in writing *or some other* writing of the testator, declaring

such revocation or alteration, and executed with the *same* formalities with which the will itself was required by law to be executed.

"A conveyance, settlement, deed or other act of a testator, by which his estate * * * previously devised or bequeathed by him shall be altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property * * * unless in the instrument by which such alteration is made, the intention is declared that it shall operate as a revocation of such previous devise or bequest." (§ 47.)

The "formalities" as to wills referred to are specifically set forth in 2 Revised Statutes, 63, section 40, and are:

"1. It shall be subscribed by the testator at the end of the will:

"2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses:

"3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament:

"4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will at the request of the testator."

Each of these formalities was complied with here so far as it was possible in the case of a deed or a writing other than a will. The formalities required are subscription, acknowledgment, publication and attestation; and the only formality which it is claimed was not observed was publication in not stating, in express words, that the instrument was "the last will and testament" of the maker. Such language, however, would not be applicable to a deed, and it would not be true, as matter of fact, for the grantor to have stated that the deed was a last will and testament. He did acknowledge it as his act and deed, and, in addition, it was shown that the entire paper, in which the revocation clause was included, was read to the grantor and the witnesses.

The statute permitting a revocation of a will by "some other writing," and requiring that it should be executed with the same formalities as a will, is not to be construed as meaning that the other writing, which is not a will, should erroneously be characterized as such by the person executing it. In other words, it would be an

unreasonable construction to give the statute to hold that every literal and verbal expression required in the publication of a will should be applied to other paper writings when it is evident that such language, when so used, would be an untrue statement and not applicable or germane as indicative of the character of such other writing.

If such a literal compliance were required, it would destroy the revocation of a will in any other way than by another will or codicil, because it is only with respect to such a paper that the person executing the revocation could truly declare that such paper was his last will and testament. Such a declaration clearly would not apply to a deed which, in no sense, is the exact equivalent of a last will and testament. What is evidently meant by the statute is that the formality required in the making of a will shall be applied to a paper of revocation, so far as the latter, from its nature and character, is susceptible of having the same formalities observed. Here the intention to revoke was clearly and sufficiently expressed, and in addition to the other formalities as to the subscribing, number of witnesses, etc., we have, upon the matter of publication, the acknowledgment and declaration of the grantor that the instrument was his act and deed, and the further fact appearing that the deed itself, containing such clause, was read over in the presence of the grantor and the subscribing witnesses. This was the equivalent of reading to the witnesses an attestation clause in a will. More than this would be unreasonable and impracticable, and we think, therefore, that the learned surrogate was in error in requiring more than the statute itself, the nature of the instrument here in question being considered, demanded.

The only question remaining is as to whether the will, as contended by the respondent, could have any effect as to after-acquired property. We think clearly not because, if our construction is right, the deed acted as a revocation of the entire will, and the latter was no longer effective for any purpose.

The decree of the surrogate should accordingly be reversed, with costs to the appellant, and the probate of the will refused.

Van Brunt, P. J., Barrett, Rumsey and Ingraham, JJ., concurred.

Decree reversed, with costs to appellant, and probate of will refused.