In the Matter of the Probate of the Will of DAVID GOLDSTICKER, Deceased.

SAMUEL GOLDSTICKER et al., Appellants; LOUIS GOLDSTICKER et al., Respondents.

WILL — RES ADJUDICATA — DECREE REJECTING WILL AND REFUSING PROBATE THEREOF CONCLUSIVE ON PARTIES TO PROCEEDING IN CONTROVERSIES RELATING TO PERSONALTY — COMPETENCY AND EFFECT OF SUCH DECREE AS EVIDENCE. A decree of a surrogate rejecting a will and refusing probate thereof upon the ground that the will was not properly executed, and that the deceased, at the time of the execution thereof, was of unsound mind and incompetent to make a will, is conclusive on the parties to the probate proceeding in all controversies relating to per-

sonalty. Where, therefore, the contestants of the probate of a will, rejected and refused probate by such a decree, offered for probate an earlier will of the testator which was contested by the proponents of the later will, who put that will in evidence to prove a revocation of the first will, the second will containing a provision revoking all former wills, the decree of the surrogate rejecting said second will and refusing probate thereof is competent and conclusive evidence in rebuttal, since said second will was denied probate for lack of testamentary capacity on the part of the testator to execute the same, and as he was incompetent to make the dispository provisions of such will, he was equally incompetent to make its revocatory provisions.

*Matter of Goldsticker*, 123 App. Div. 474, affirmed.

(Argued March 31, 1908; decided April 14, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 24, 1908, which affirmed a decree of the New York County Surrogate's Court admitting to probate the will of David Goldsticker, deceased.

The facts, so far as material, are stated in the opinion.

*Moses Weinman* for appellants. The decree of the surrogate denying probate of the paper of July 6, 1905, as a will of real and personal property, is not an adjudication in this proceeding. Inasmuch as all of the proofs establish the competency of the testator at the time that he executed the instrument of July 6, 1905, the court should have found that the paper offered is not the last will and testament of David Goldsticker. (*Cooley* v. *McElmeel*, 149 N. Y. 228; *Baxter* v. *Baxter*, 13 App. Div. 69.)

*William Goldsticker* for respondents. The former decree adjudging the paper of 1905 void for lack of due execution and testamentary capacity is conclusive in this probate proceeding between the same parties in the same court. (*House* v. *Lockwood*, 137 N. Y. 259.)

CULLEN, Ch. J. David Goldsticker died October 22nd, 1905. Thereafter the present appellants propounded for

probate in the Surrogate's Court, in the county of New York, a will of said Goldsticker bearing date July 6th, 1905. All the parties in interest, including the present respondents, were cited, and the probate contested. The will was rejected, and probate thereof refused by a decree made by the surrogate, which declared that the will was not properly executed, and that the deceased at the time of the execution thereof was of unsound mind, and incompetent to make a will. Thereafter, and on December 21, 1906, the respondents offered for probate a will of said deceased dated January 17th, 1895. That probate was contested by the appellants, who put in evidence the will of July, 1905, to prove a revocation of the earlier will. Thereupon the proponents put in evidence, over the objections and exception of the contestants, the decree rejecting said will and denying probate thereof. The will of January, 1895, was admitted to probate, and the decree of the surrogate has been affirmed by the Appellate Division, from whose judgment the present appeal is taken.

The counsel for the appellants contends that as the will of July, 1905, was offered only to show a revocation of the earlier will (it contained an express provision revoking all former wills), the decree of the surrogate rejecting that instrument and denying it probate was neither conclusive nor material on the issues so presented. It is doubtless true that under certain circumstances an instrument may be effective as a revocation of previous wills, and yet fail as a will itself, for by section 53 of the Revised Statutes (2 R. S. p. 96) the revocation of a second will does not revive the first. Therefore, a second will might itself be revoked and yet be operative to revoke a prior will. That was the question involved in the case *In re Estate of Colligan* (5. N. Y. Civ. Pro. R. 198). In this case, however, the will was denied probate for lack of testamentary capacity on the part of the testator to execute the same, and as the testator was incompetent to make the dispository provisions of the will, he was equally incompetent to make its revocatory provisions. (*Delafield* v. *Parish*, 25 N. Y. 9, opinion of SELDEN, J., p. 98.) There-

fore, the only question in the case is as to the effect of the decree of the surrogate rejecting the will upon the parties to the contest when involved in another litigation.

The general principle that a judgment or final determination in a judicial proceeding concludes the parties thereto upon all matters necessarily decided therein whenever they are put in issue in other litigations is unquestioned. Nor can it be well questioned that this principle obtains as to decrees of surrogates or probate courts on other matter than the probating of wills. (1 Freeman on Judgments [4th ed.], § 319b; 2 Black on Judgments, § 633.) That this proposition should be open to limitations or to doubt as to the decrees of such courts on the admission or rejection of wills arises from two circumstances: *First*, at common law the factum of a will was as to real estate solely cognizable by courts of law, while as to personalty it was within the exclusive jurisdiction of the ecclesiastical courts, and, *second*, the peculiar and somewhat loose method of procedure in the ecclesiastical courts (which is the original source of our own procedure, *Matter of Brick*, 15 Abb. Pr. 12) on the probate of wills. The title of the executor was derived from his letters testamentary, for which the probate of the will was necessary. The title to real estate under a will could be asserted in an action at law, the same as under a deed or any other source of title, although the will had never been proved in the ecclesiastical courts (*Harris* v. *Harris*, 26 N. Y. 433), and it followed that a decree in that court was without force or effect in an action at law as to the realty. The converse of that proposition was also true that a judgment in an action at law was without force in the probate proceedings in the ecclesiastical courts. In the famous case of *Stewart's Exr.* v. *Lispenard* (26 Wend. 255), the Court of Errors held the testator competent to execute a will and the personalty passed under it, while in an action of ejectment a jury found that the testator was incompetent and the realty passed as in case of intestacy. (See *Delafield* v. *Parish, supra*, p. 28.) The Revised Statutes provided for the probate of wills of real estate in the Surrogate's Court, but the

effect of such probate was merely to effect a record of the will, which record could be offered in evidence in lieu of the original, the same as the record of a deed. Subsequently the probate before the surrogate of a will of realty was made presumptive evidence of its valid execution. In *Corley* v. *McElmeel* (149 N. Y. 228), relying on the general principle of the conclusiveness of judgments and the fact that the Code did not provide in terms for the effect of a decree rejecting a will, the appellants contended that such decree was conclusive against the devisees in an action of partition. This contention was overruled by this court. Our decision was not, however, based on the omission of the Code to specify the effect of the decree rejecting a will, but on the ground that at common law the decree of the probate court was not conclusive in actions relating to real estate, and as in such actions the parties had been entitled to a determination of the question of the valid execution of the will by a jury, that it was doubtful at least whether the legislature could deprive them of that right. Therefore, the decision in that case has no application here.

The conclusiveness as to personalty of a decree admitting a will to probate is not denied, nor could it well be in the face of section 2626 of the Code of Civil Procedure, which expressly declares that such a decree shall be conclusive except in an action brought under section 2653a of the Code, which section substantially provides for a review of the surrogate's determination by a jury. But the appellants' reliance is on the fact that there is no provision in the Code as to the effect of a decree rejecting a will. Before discussing this omission, we shall consider the state of the law prior to the enactment of either the Code or the Revised Statutes. As already stated the probate proceedings in the ecclesiastical courts were peculiar, and proof of the execution of a will could be made *ex parte*. Probate thus obtained was called probate in common form. Within a reasonable period thereafter any of the parties in interest might require an executor to make a solemn probate. To this proceeding all parties in interest were

cited and on its hearing any contest was made. The original admission to probate had no effect in the second proceeding, though it was conclusive until revoked and protected all parties acting under the will. But a decree in the second, or in solemn form, was conclusive on the parties and seems to have been equally so when the decree rejected the will as when it granted probate. (1 Williams on Exrs. p. 304 ; *Bittleston* v. *Clark*, 2 Lee Ecc. R. 248.) In *Wills* v. *Spraggins* (3 Grattan, 555) it was held that the sentence of a court of probate pronounced on the merits by which an instrument propounded as a will was rejected was conclusive and binding, and that the instrument could not again be propounded. In the opinion rendered in that case the court, after reviewing the English practice, said : " The foregoing views bring us to the distinction between the effect of the probate sentence when pronounced in favor of the instrument and its effect when pronounced against it. And here it is obvious that there can be none in regard to the second or final probate proceeding ; the sentence in that is equally conclusive whether it be for or against the will. * * * This construction of our statute conforms to the probate law of the ecclesiastical courts by which there can be no repropounding of the instrument after a sentence against it on the merits, whether the former propounding has been in solemn form or in common form. The rule is well established." In *Schultz* v. *Schultz* (10 Grattan, 358) it was held that a will propounded by a party interested and rejected on the merits could not again be propounded by the same party. *Brown* v. *Gibson* (1 Nott & M'Cord, 326) arose in South Carolina at a very early time when the practice seems to have been the same as that prevailing in the ecclesiastical courts of England. On a citation to the executor to re-probate a will in solemn form the ordinary made an order rejecting the instrument. This was held conclusive. The principle is recognized by Justice STORY, who, in the case of *Tompkins* v. *Tompkins* (1 Story, 547) said : " The sentence or decree of the proper Ecclesiastical Court as to the personal estate is not only evidence, but is conclusive as to the validity

or invalidity of the will ; so that the same question cannot be re-examined or litigated in any other tribunal." Of course, if it cannot be assailed in any other tribunal equally it cannot be assailed in a different litigation before the same tribunal. In *Bogardus* v. *Clark* (4 Paige, 623) it was said : " So far as the personal estate of the decedent was concerned the surrogate had exclusive original jurisdiction to try and determine the validity of the will, and the decision of this court, upon the appeal from his decision, is binding and conclusive in all courts and all places until it shall be reversed upon an appeal to a higher tribunal. It is in the nature of a proceeding *in rem*, to which any person having an interest may make himself a party by applying to the proper tribunal before which said proceeding is had, and who will, therefore, be bound by the sentence or decree of such tribunal, although he is not in fact a party." On authority, therefore, a decree of the probate court rejecting a will of personalty made after a contest on the merits is equally conclusive with a decree probating it.

The explanation of the Code provision that the probate of a will of personalty shall be conclusive is simple. It is founded on a provision of the Revised Statutes. (2 R. S. p. 61, § 29.) The revisers' note to the section states that it is only declaratory of the existing law and reference is made to Phillips on Evidence where it is said that payments made to an executor and dealings by or with him are protected by the probate of a will subsequently revoked. It is further to be observed that section 2625 of the Code, which is a reproduction of section 21 of chapter 460, Laws of 1837, provides that the surrogate when he decides against the sufficiency of the will must make a decree to that effect and specify the grounds of that decree. The Revised Statutes, as well as the present Code of Civil Procedure, contain elaborate provisions for an appeal from a decision of the Surrogate's Court whether admitting or rejecting a will. In *Stewart's Exr.* v. *Lispenard* (*supra*) probate was denied by the surrogate, the circuit judge and chancellor, the judgments of all of whom were reversed by the Court of Errors which directed the will to be admitted. If the surro-

gate's decree rejecting a will concludes no party, the affirmance of that decree on appeal can have no greater effect. Nor would the reversal on appeal of a judgment admitting a will to probate be more efficacious. Not only would this be a most anomalous condition of the law, but no plausible reason can be given for the anomaly. We hold, therefore, that the decree of the surrogate, rejecting the will, was conclusive on the parties to the probate proceeding in all controversies relating to personalty. Of course, so far as the will relates to real estate, the decree is not conclusive. (*Corley* v. *McElmeel, supra.*)

The order appealed from should be affirmed, with costs.

Gray, Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Order affirmed.