In the Matter of the Estate of ROBERT LUDLOW FOWLER, Deceased.

Surrogate's Court, Westchester County, October 30, 1936.

*Hunt, Hill & Betts* [*Walter A. Peterson* of counsel], for Robert L. Fowler, Jr.

SLATER, S. The very able former surrogate of New York county, Robert Ludlow Fowler, died at Ardsley, in Westchester county, on July 13, 1936, where he resided with his daughter, Mrs. Bryce Metcalf. His last will and testament is in his own handwriting and was executed at Beaulieu-sur-Mer in France.

It appears that the surrogate, after his retirement from the bench on or about December 31, 1919, resided in France, and, while residing there, on the 10th day of May, 1932, made a holographic will without witnesses. The proponent contends that the instrument is entitled to be probated as a will of real and personal property in this State on the ground that it was executed in accordance with the laws of France. The basis for this contention is found in sections 22-a and 23 of the Decedent Estate Law. The former section provides that a will executed without the State in the mode prescribed by the law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed.

Section 23 provides that a will of real and personal property, executed as prescribed by the laws of the State or a will of real and personal property executed without the State in the mode prescribed by the law either of the place where executed or of the testator's domicile, provided such will is in writing and is subscribed by the testator, may be admitted to probate in this State.

Sections 22-a and 23 of the Decedent Estate Law need no interpretation, but these sections have been commented upon in *Matter of Tinker* (124 Misc. 723) and *Matter of Marsland* (142 id. 230).

The Civil Code of France provides:

" Art. 969. A Will may be holographic or may be made as a public instrument or in the mystic form.

" Art. 970. A holographic Will shall not be valid unless it is wholly written, dated and signed in the hand of the testator; it is not subject to any other formality."

Upon the hearing, proof was taken that, at the time the will was executed, the surrogate was actually residing in France while his domicile was in the State of New York; that the paper writing is in the handwriting of the decedent and is subscribed by him; that it was executed in accordance with the laws of France. Consequently, and pursuant to our law, such a will may receive probate in this State.

Surrogate FOWLER became one of the surrogates of New York county in 1911 and retired on December 31, 1919. He was a specialist in the law of wills and was the author of four great works on " The Real Property Law of New York," " The Personal Property Law of New York," " The Decedent Estate Law," and " The Law of Charitable Uses, Trusts and Donations in New York." He was a profound student of the languages and he wrote in the finest style of English. The Miscellaneous Reports are filled with his erudite decisions. He was known throughout the land as a distinguished and learned surrogate. Judge FOWLER exemplified all the qualities of a great judge — learning, industry, courtesy, sympathy, integrity.

Submit decree in accordance herewith.