In the Matter of the Estate of CHARLES LOGASA, Deceased.

Surrogate's Court, New York County, January 14, 1937.

*Petersen, Steiner & Kohan* [*Joseph Kohan* of counsel], for the proponent.

*M. Lawrence Cohen* [*M. J. Goldston* of counsel], for the Jewish Orphan Asylum, now known as The Jewish Orphan Home of Cleveland, Ohio, legatee.

*Stanley J. Harte*, for Ella Rene Sullivan, legatee, contestant.

*Matthew M. Levy* [*Louis Kantor* of counsel], for Moses Logasa, contestant.

*Joseph A. Doran*, special guardian for Joan Logasa, legatee.

*Ira Maier*, for the French Consul, etc.

FOLEY, S. The issues raised by the objections filed in this probate proceeding involve, *first*, the validity of the instrument propounded as the last will and testament of the testator; *second*, the validity of the subsequently dated paper claimed to be a revocation of the prior will, and, *third*, the construction of the will, if admitted to probate, and particularly whether its provisions violated section 17 of the Decedent Estate Law relating to the limitation on gifts to charities.

(1) It is conceded in the formal stipulations of the parties that the will is entirely in the handwriting of the decedent. It is dated March 3, 1924. It is conceded also that the decedent was at that

time sojourning in Villefranche, France. The name of that place is written upon the instrument. It has been stipulated that the will was executed in accordance with the laws of France. In a proceeding with exactly similar facts, involving the will of the distinguished former surrogate of New York county, ROBERT LUDLOW FOWLER, Surrogate SLATER, of Westchester county, held that the holographic instrument was entitled to probate under the provisions of sections 22-a and 23 of the Decedent Estate Law, which provide, in substance, that a will in writing executed without the State in the mode prescribed by the law of the place where executed, shall be deemed to be legally executed and may be admitted to probate in this State. (*Matter of Fowler*, 161 Misc. 204.)

The instrument of March 3, 1924, is, therefore, admitted to probate.

(2) The paper claimed to be an effective revocation of the prior will bears the superscription, " New York, September 15th, 1932." It is conceded by the stipulations that it was written in the handwriting of the testator upon the letterhead of the Hotel Taft in the city of New York. It is signed by the testator, but bears the purported signature of only one subscribing witness. It is contended by the contestants that a determination that it is valid and effective must be made under the provisions of section 34 of the Decedent Estate Law.

That contention is overruled and the instrument is denied probate and is determined to be void and of no effect as a revocation of the prior holographic will. (*Matter of McGill*, 229 N. Y. 405; *Matter of Pilsbury*, 186 id. 545, affg. 113 App. Div. 893; *Matter of Goldsticker*, 192 N. Y. 35; *Matter of Stickney*, 161 id. 42.)

Section 34 of the Decedent Estate Law prescribes and limits the methods by which the revocation of a will may be accomplished. Under its provisions a will may be revoked (a) by " some other will in writing " or (b) by " some other writing of the testator, *declaring such revocation* or alteration, and executed with the same formalities with which the will itself was required by law to be executed." (Italics mine.) The third group of methods of revocation mentioned in the section, by burning, cancellation or destruction with intent to revoke, is not material in the pending proceeding.

The writing, asserted here to be a revocation, is a will by the terms of its opening sentence. It appoints an executor and purports to dispose of the entire estate. Its validity must be tested by the language applicable to a testamentary instrument within the first class defined in the section, viz., " some other will in writing," because it contains no words of revocation, and does not declare a revocation of the prior instrument. It refers in no manner

to the former will. It, therefore, cannot be brought within the second class of revocatory instruments. Under the well-established law of our State construing this section, even an instrument in the second class, such as a deed, which expressly declares a revocation of the prior will, must be executed under the requirements of our Statute of Wills. (*Matter of Backus*, 49 App. Div. 410.) Moreover, in this class of cases the writing must contain under the terms of the section an express declaration of actual and absolute revocation. A declaration in writing of an intent to revoke is insufficient. A writing even though signed and attested by two witnesses which contains instructions to an attorney to destroy the will in his possession is ineffective. (*Matter of McGill*, 229 N. Y. 405.) Finally, the instrument of revocation, if good as a will, is good as a revocation. If invalid as a will, it is futile to revoke a prior testamentary disposition. (*Matter of McConihe*, 123 Misc. 318.)

The contestants urge here that despite the conceded fact that the instrument of 1932 was executed in New York and is attested by only a single witness, it is effective as a revocation because it is holographic and was executed in precisely the same mode as the original will. They rely upon the language of section 34, which states that the writing must be executed " with the same formalities with which the will itself was required by law to be executed." This section admits of no such interpretation. The phrase does not refer to the manner of execution of the specific will but to the general statutory requisites applying to execution of all wills. If the instrument of revocation is executed in a foreign country or foreign State it must be executed in accordance with the law of that country or State, or in accordance with the law of our own State. If it is executed in New York, the requisites of our State must be obeyed. (*Matter of McGill, supra.*) The contention of the contestants if sustained would lead to absurd results. A French notarial or holographic will could be revoked effectively by an instrument of similar type executed in New York in contravention of our public policy surrounding the sanctity of the making of a will. If the original will was executed in a State or country having more strict requirements than our own, for example, where three subscribing witnesses are needed instead of two, a subsequent instrument executed in New York in accordance with our law, with two subscribing witnesses, would be void as a revocation. Plainly, therefore, the revoking instrument when executed in New York must be made in the mode required by our statute, with no less or no greater requirements than are imposed by our own law.

In *Matter of McGill* (229 N. Y. 405) it was held that a revocation to be effective must be made pursuant to the statute. (*Lovell* v. *Quitman*, 88 N. Y. 377; *Burnham* v. *Comfort*, 108 id. 535; *Delafield* v. *Parish*, 25 id. 9; *Matter of Evans*, 113 App. Div. 373.) It was stated that it was not "within the legitimate power of the courts to dispense with the requirements of statute in the execution or revocation of wills." In that case the observation of Judge CHASE is pertinent and controlling upon the situation here. He wrote: " The statute relating to the revocation of a will is specific and unqualified. So is the statute regarding the execution of a will. Both are intended for literal compliance. The reason that exists for requiring that a will to be effective must be executed with certain formalities exists to an equal extent for requiring that an instrument revoking a will to be effective must be executed with like formalities. Formalities in the making and in the revocation of a will are necessary to prevent mistake, misapprehension and fraud. The interests of the people are best subserved by sustaining the statute quoted as it is written."

The instrument dated September 15, 1932, is, therefore, invalid in its entirety.

(3) On the question of construction, it is conceded by the stipulation of the parties that the specific legatee mentioned in the original will is a charitable corporation. Dispute has arisen as to the persons who are the next of kin and distributees of the decedent.

The decree may contain an appropriate provision that the terms of section 17 of the Decedent Estate Law apply to the will, subject to the determination of the status of the alleged wife.

All the foregoing determinations may be included in a single decree.

Submit such decree on notice.