In the Matter of the Estate of Rozalja Wizelholc, Deceased.

Surrogate's Court, New York County, March 10, 1941.

*Henry M. Flateau* [*Gustav Nadel* of counsel], for the proponent.

*Solomon W. Winogradoff*, for the contestant.

*Joseph A. Cox*, for the public administrator.

Foley, S.   The issues raised by the objections filed in this probate proceeding involve, *first*, the validity of a holographic instrument propounded as the last will and testament of the testatrix, and *second*, whether undue influence was exercised upon her in the testamentary act.

It is undisputed that Rozalja Wizelholc, the testatrix, was domiciled in Warsaw, Poland, at the time of the execution of the propounded instrument on January 10, 1940, and at the time of her death on February 14, 1940.   Under the terms of the will she left her entire estate to her husband.   The original will was transmitted to the attorney in fact for the husband and filed for probate in an independent proceeding in this court.

Under the law of New York, a will executed without this State " in the mode prescribed by the law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed," provided the will is in writing and subscribed by the

testator. (Dec. Est. Law, § 22-a.) A will so executed "may be admitted to probate in this State." (Dec. Est. Law, § 23.)

The principal dispute here involved is whether the testatrix duly executed her will under the law of Poland, which, as above stated, was the place of execution and of domicile. The surrogate finds as a fact that the propounded instrument was duly executed under the law of that country. It is holographic in form. Testimony has been received by experts in Polish law as to the necessary formalities of the execution of a will and as to the varying forms of such an instrument. Upon this phase of the case the surrogate accepts as true the testimony of the two experts who testified for the proponent. He rejects the testimony of the witness called by the contestant.

The Polish Civil Code, in so far as it relates to testamentary requirements, is identical with the French Civil Code (The Code Napoleon). Even the numbering of the sections is similar. (Civil Code of Poland — " Kodeksy Cywilne " [Edition of Dr. Edward Muszalski, 1936].)

Under section 970 of the Civil Code of Poland a holographic will " shall not be valid unless it be written throughout, dated and signed by the hand of the testator; it is not subject to any other formality." Here, the surrogate finds upon the oral and documentary evidence that the contents of the propounded instrument were entirely written by the testatrix, that she dated it and affixed her signature to it. She thus complied with all the formalities of execution required by the Polish Civil Code.

Decisions and text books dealing with similar provisions of the Code Napoleon and the French Civil Code, and similar statutes of States within our own country, have given sanction and recognition to the validity of holographic wills which were executed in accordance with the legal requirements of the particular country or State. (Matter of Fowler, 161 Misc. 204; Matter of Logasa, Id. 774; Matter of Seixas, 73 id. 488; Page on Wills [2d ed.], p. 582; Thompson on Wills [2d ed.], p. 47 et seq.; " The Code Napoleon," English Translation, p. 265.)

Contention is made here that section 1007 of the Polish Civil Code constitutes a barrier to the admission of the holographic will in this court. That contention is overruled. That section merely provides for the formalities to be taken by a court in Poland after the death of the testator. Its provisions relate to procedure and have no application to the manner of execution of a holographic will. Its provisions have reference also to the method of opening and filing of a notarial will after the death of the maker. Such a will is of a type different from a holographic will. The section

likewise applies to the unsealing after the death of the maker of a mystic or secret will, which, again, is a distinctive form of testamentary instrument. The independent character of the varying forms of wills, (1) holographic, (2) notarial or one made by public act, or (3) one made in the mystic form is expressly set forth in section 969 of the Polish Civil Code. It reads: "A will may be a holograph, or made by public act or in the mystic form." A holographic will is usually retained by the testator. A notarial will is kept by the notary. A mystic or secret will is surrounded by other formalities as to witnesses and the method of sealing to protect its privacy. The clear distinction between these three forms of will is fully explained in "The French Law of Wills, Probate and Administration" by Pellerin ([3d ed.], p. 31).

In a proceeding for original probate in the Surrogate's Court, it is only necessary to show the valid execution of the will under the law of the State or country where executed or under the law of the domicile of its maker, in order to justify the admission of the instrument to probate. (Dec. Est. Law, §§ 22-a, 23; *Matter of Rubens*, 128 App. Div. 626; affd., 195 N. Y. 527; *Matter of Fowler, supra; Matter of Logasa, supra.*) The procedural formalities required after death in the foreign jurisdiction for proof or establishment by its courts have no relevancy, therefore, since our own modes of procedure exclusively control in an original probate proceeding. Section 1007 of the Polish Civil Code, therefore, referred to above, has not the slightest relation to the issues here and cannot be invoked to defeat probate.

Upon the remaining issue raised by the contestant under the charge of undue influence exercised upon the testatrix, the burden of proof was by law placed upon the contestant. (*Matter of Kindberg*, 207 N. Y. 220, 228.) No evidence whatsoever was offered upon this issue. The objection upon that ground was, therefore, dismissed.

The will is admitted to probate. The surrogate holds upon the evidence and under the special circumstances of the proceeding, that the will was contested in bad faith. The authenticity of the handwriting of the testatrix in the will was revealed to the contestant by the instruments recorded by his attorney in this court. It was likewise within the power of the contestant to have discovered promptly the lack of merit in his contentions as to the Polish law. Instead of permitting the will to go to probate, the contestant without any justification filed objections in an attempt to deprive the husband of his right under the will to the entire estate. Litigation and unnecessary expense have resulted. In the exercise of the discretion of the surrogate, costs, therefore, will be awarded personally

against the contestant. (*Matter of Rogers*, 127 Misc. 428; affd., 220 App. Div. 834 [1st Dept.]; *Matter of Buckley*, N. Y. L. J. Feb. 14, 1940, p. 701; affd., 260 App. Div. 863 [1st Dept].)

Submit decree on notice admitting the will to probate and revoking the letters of administration heretofore issued. The decree may contain an appropriate provision granting letters of administration, with the will annexed, to the public administrator of the county of New York.