Joseph A. Cox, S.
Decedent, a resident of this county, died in Great Barrington, Massachusetts on July 27,1959. An instrument executed by her in Massachusetts has been submitted for probate. The facts regarding its execution are undisputed. The instrument was written, upon instructions of the decedent, by a friend of 40 years standing and signed by the decedent on April 13, 1959 but it was not witnessed. Subsequently and on July 20, 1959 certain additions were written in by another person at the request of the decedent. These consist of a legacy of $1,000 and a direction that all expenses be paid first. These additions appear below the signature of the decedent. On the same day three persons signed as witnesses after the decedent had acknowledged her signature and declared the paper to be her will. Their signatures appear below the afore-mentioned additions.
It is alleged in the petition that decedent’s estate consists solely of personal property and that she left no living relatives. The special guardian for unknown distributees has filed objections to the probate of the instrument upon the ground that it was not signed by the decedent at the end thereof. The proponent has moved to strike out the objections and to admit the propounded instrument to probate.
Section 22-a of the Decedent Estate Law reads as follows: “ Validity of wills executed without the state. A will executed without this state in the mode prescribed by the law, either of the place where executed or of the testator’s domicile, shall, be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state, provided, such will is in writing and subscribed by the testator.” That section was added in 1919. At the same time section 23 of the Decedent Estate Law was amended. The applicable part of the latter section is: “ "What wills may be proved. A will * * * of real or personal property executed without the state in the mode prescribed by the law, either of the place where executed or of the testator’s domicile, provided such will is in writing and subscribed by the testator, may be admitted to probate in this state, ’ ’
*609 AJI parties agree that the propounded instrument would be entitled to probate in Massachusetts. Section 1 of chapter 191 of the General Laws of that Commonwealth states: 11 Every person of full age and sound mind may by his last will in writing, signed by him or by a person in his presence and by his express direction, and attested and subscribed in his presence by three or more competent witnesses, dispose of his property, real and personal, except an estate tail, and except as is provided in this chapter and in chapters one hundred and eighty-eight and one hundred and eighty-nine and in section 1 of chapter two hundred and nine. A married woman, in the same manner and with the same effect, may make a will.”
The Supreme Judicial Court of Massachusetts held in Meads v. Earle (205 Mass. 553) that there was no requirement that the signature be made at the end of a will. In that case the testatrix had signed her name in the exordium clause of the instrument. (See, also, Porter v. Ballou, 303 Mass. 234; Barber v. Henderson, 304 Mass. 3.)
The court, therefore, holds that the propounded instrument is entitled to probate under the provisions of sections 22-a and 23 of the Decedent Estate Law. “In a proceeding for original probate in the Surrogate’s Court, it is only necessary to show the valid execution of the will under the law of the State or country where executed or under the law of the domicile of its maker, in order to justify the admission of the instrument to probate. (Dec. Est. Law, §§ 22-a, 23; Matter of Rubens, 128 App. Div. 626; affd., 195 N. Y. 527; Matter of Fowler, supra, [161 Misc. 204]; Matter of Logasa, supra, [161 Misc. 774].) ” (Matter of Wizelholc, 176 Misc. 100, 102.) It is stated in section 265 of Davids’, New York Law of Wills, in discussing the execution of wills outside of the State, that ‘1 where personal property is the subject matter of disposition, the validity of the instrument in respect of formal requisites is tested, under the rule of comity or common law, by the law of the place of execution or of the domicile of the decedent.”
A somewhat similar situation was presented in Matter of McCalip (119 N. Y. S. 2d 55). The instrument offered for probate therein was executed in the District of Columbia and the signature of the decedent appeared only in the body thereof. That complied with the law of the District of Columbia. The instrument was admitted to probate in this State under section 22-a of the Decedent Estate Law.
Proponent’s motion to dismiss the objection is, therefore, granted. Submit order on notice,