HORATIO G. PRATT & another, executors, *vs.* EVVIE F. DALBY & others.

Norfolk.    March 9, 1916. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, & CROSBY, JJ.

*Will,* Execution and attestation.    *Evidence,* Presumptions and burden of proof.

An instrument purporting to be the last will of one who had been "an old fashioned country lawyer — a squire" accustomed to drawing wills and other instruments was wholly in the handwriting of the alleged testator and the date in the *in testimonium* clause had been changed in the testator's handwriting from a later date to that of the attestation clause. Two of the three persons named as witnesses had died before the instrument was presented for probate, and the surviving witness testified, "I do not remember seeing him [the alleged testator] sign it because I was not looking at him," and that when the instrument was presented to the witness for his signature it was folded and "all the part which he took any notice of was the part where he signed. He did not notice whether the signature of [the alleged testator] was there or not." It appeared that the alleged testator in the presence of the three witnesses stated that he wished the surviving witness "to witness his will; that probably it would be his last will," that the alleged testator and the witnesses sat down at a table, that the alleged testator "took out an instrument from an envelope which he had in his pocket," that "there were pen and ink upon the table," that "he had the pen and ink and document right there by the table before him," but that the surviving witness "was talking with [one of the other witnesses] and did not notice particularly what he was doing," that the three witnesses signed this paper in the presence of the alleged testator and of each other, that the paper was folded but that it was not so folded as to conceal from their view the signature of the testator if it was written thereon, and that, after the paper had been subscribed by the

witnesses, the alleged testator folded it and wrote something on the outside of it or on the envelope, and did not open it again. *Held*, that an inference was warranted that the will was executed by the testator in the presence of the three witnesses before it was subscribed by them and that its execution and attestation were complete and valid under R. L. c. 135, § 1.

CROSBY, J.  This appeal from a decree of the Probate Court, allowing an instrument as the last will of Aaron Pratt, was heard by a single justice of this court.*  All the evidence introduced before him was taken by a commissioner under Chancery Rule 35 and is reported.  The single justice filed a memorandum of his findings and ordered that a decree be entered affirming the decree of the Probate Court.  The respondents appealed.

The question presented is whether the will was duly signed, attested and subscribed in conformity with the requirements of R. L. c. 135, § 1.  The respondents contend that there is no evidence to show that the testator signed the will before it was attested and subscribed by the witnesses.  Two of the subscribing witnesses, Damon and Stockbridge, have died, one of them before the death of the testator and the other after the testator's death but before any hearing was held upon the allowance of the will.  The surviving subscribing witness, Charles J. Hackett, testified at the hearing before the single justice: "I do not remember seeing him sign it because I was not looking at him." The evidence showed that, when the instrument was presented to Hackett for his signature, it was folded, and he testified that "all the part which he took any notice of was the part where he signed. He did not notice whether the signature of Pratt was there or not."

The undisputed evidence shows that when this witness went to the home of one Damon, one of the other witnesses to the will, the testator, in the presence of the three witnesses, stated that he wished Hackett "to witness his will; that probably it would be his last will;" that the testator and the witnesses sat down at the table; that the testator "took out an instrument from an envelope which he had in his pocket;" that "there were pen and ink upon the table." The entire instrument, including the signature, was in the handwriting of the testator except the signatures of the witnesses.  There was evidence to show, and the single justice found, that the business of the testator was that of "an old fashioned

* *Pierce*, J.

country lawyer — a squire." He was not a member of the bar, but drafted conveyances, drew deeds and administered estates.

While there was evidence that when the instrument was subscribed by the witnesses it was folded, the single justice found that it was not so folded as to conceal from their view the signature of the testator if it was written thereon. *Nunn* v. *Ehlert,* 218 Mass. 471. It is not disputed that all the witnesses subscribed the instrument in the presence of the testator and in the presence of each other.

The witness Hackett testified that, after the will had been subscribed by the witnesses, the testator folded it up and wrote something either on the outside of it or on the envelope and did not open it again. An inspection of the original instrument showed that the date in the *in testimonium* clause had originally been written "May 25" and was changed to "May 19." The date in the attestation clause is "May 19."

While there was no direct evidence to show that the testator signed the instrument in the presence of the witnesses, there was evidence that he requested Hackett in the presence of the other witnesses "to witness his will," and Hackett testified "he had the pen and ink and document right there by the table before him. I was talking with Damon and did not notice particularly what he was doing."

The evidence that the testator's business was that of drafting wills and other legal instruments might be found to indicate that he was familiar with the legal requirements relating to the due execution thereof. The evidence of the change in the date in the *in testimonium* clause indicated that the date was changed to make it conform to the date in the attestation clause and the date when the instrument actually was subscribed by the witnesses. These facts, together with the other evidence in the case, warrant the inference that the will was executed by the testator in the presence of the witnesses and before it was subscribed by them. The finding that his signature was not concealed from the witnesses at the time the will was attested and subscribed by them was also warranted. *Hall* v. *Hall,* 17 Pick. 373, 375. *Dewey* v. *Dewey,* 1 Met. 349. *Chase* v. *Kittredge,* 11 Allen, 49. *Meads* v. *Earle,* 205 Mass. 553.

The conclusion which we have reached is not at variance with

the case of *Nunn* v. *Ehlert, supra,* cited and relied on by. the respondents, but is in conformity with the principles there stated. We think, in view of the findings of the single justice which were warranted by the evidence, that the will was attested and subscribed in accordance with the meaning of those terms as defined in the opinion in that case.

<em>Decree affirmed.</em>

*M. Coggan,* (*A. W. Eldredge* with him,) for the respondents.
*A. F. Barker,* for the petitioners.