SARAH E. HAWKES, executrix, *vs.* GEORGE A. HAWKES & others.

Essex.     February 6, 1918. — March 19, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Will,* Attestation.

It does not make valid the attestation of a will, that all three witnesses subscribed their names in the presence, of the testator, if when two of the witnesses signed their names the instrument was folded so as to conceal the signature of the testator and neither of them saw him sign or could have seen his signature in his presence.

APPEAL from a decree of the Probate Court of the county of Essex allowing the alleged will of Mary Jane Hawkes, late of Marblehead. The following issues, which were framed in the Supreme Judicial Court, were sent to the Superior Court for trial:

"1. Was the instrument propounded for probate as the last will and testament of Mary J. Hawkes executed according to law?

"2. Was the instrument propounded for probate as the last will and testament of Mary J. Hawkes procured through fraud and undue influence of Sarah E. Hawkes?"

The issues were tried before *Callahan,* J. The evidence upon the question of attestation is described in the opinion. At the close of the evidence the proponent of the will asked the judge to make the following rulings:

"3. If the attesting witnesses subscribed the attestation clause in the presence of the testatrix and understood the instrument was her will, the execution of the will is sufficiently proved, if in fact the testatrix has signed the paper, although the attesting witnesses have not seen her sign or seen the signature itself.

"4. If the jury find that the three attesting witnesses subscribed the attestation clause in the presence of the testatrix, knowing or understanding they were witnessing her will, and the instrument had been signed by the testatrix before such attestation, then they will find the will was properly executed."

The judge refused to make either of these rulings. Among other instructions he instructed the jury as follows: "a will, in order to be valid, must be signed in the presence of the three witnesses mentioned by the statute, or, if it has been previously signed, the testator or person making the will must then acknowledge that the signature which he exhibits to the witnesses is his. Unless one of these things is shown, the attestation is insufficient and the will does not stand." He also instructed the jury as follows: "If the jury should find that the signature of the testatrix was concealed from the witnesses, or either of them, and that they, or either of them, were not aware of its being on said alleged will and did not see it or know of such signature being there, then your answer to the first issue should be 'No'; and again I modify that by saying: provided she had not already in fact signed the will in their presence."

The jury answered both issues in the negative; and the proponent of the will alleged exceptions.

*W. B. Farr,* (*D. T. Cope* with him,) for the proponent.

*R. L. Sisk,* for the contestants.

CROSBY, J.   This is an appeal from a decree of the Probate Court allowing a certain instrument as the last will of Mary Jane Hawkes. Two issues were framed by a single justice of this court and tried by a jury in the Superior Court, one of which related to the execution of the will; the other has become immaterial. The jury having found that the will was not executed according to law, the case is before us upon the exceptions of the proponent to the refusal of the presiding judge to give certain rulings, to the charge to the jury so far as inconsistent therewith, and to the giving in a modified form of certain rulings requested by the contestants.

The will was written on one sheet of legal cap paper and was all in typewriting except the date in the testimonium clause, the date in the attestation clause, the signature of the alleged testatrix and the signatures of the subscribing witnesses. The date in the testimonium clause and the signature of the deceased were in her handwriting.

Joseph W. Coates, one of the subscribing witnesses, testified that on the eleventh day of March, 1910, the testatrix, by telephone, requested him to come to her house to witness her will;

that he went there in the evening of that day; that he did not know whether the other witnesses were there when he arrived, but they were there when the will was executed; that the testatrix produced the instrument and asked the persons present to witness her will; that he (Coates) said, "You have not inserted the date here," or something to that effect, and the testatrix replied, "Well, . . . I will sign it" — and she signed it; that he inserted the date in the attestation clause at her request, wrote his name after she had signed her name and then "folded it for the signature of the rest;" that the two other witnesses signed the will in the presence of Miss Hawkes and that all three witnesses were present when she signed the will. This witness further testified on cross-examination that when he signed his name to the will the signature of the testatrix was not exposed and could not be seen because the will was folded over, that he folded the will to conceal its contents as he supposed she wanted the contents of the will private, and that the folding concealed her signature; "that the will was so folded that the contents of the will and the signature of the testatrix were concealed; the way the will was folded the signature of the testatrix was not apparent to the witnesses."

The witness Everett Chapman testified that when he signed his name the testatrix and the other witnesses were present; that he did not remember seeing the testatrix sign the paper; and that it was folded when he signed it and he could not see the signature of the testatrix.

The third subscribing witness, Carrie Chapman, was ill and did not attend the trial; her testimony in the Probate Court was read to the jury. She testified in direct examination that she remembered signing, — and identified her signature; also, "that she saw Mr. Coates sign, but Miss Hawkes had signed." On cross-examination she testified that she did not see the signature of the testatrix on the paper because the paper was folded at the time she signed; that she never saw the signature of the testatrix on the paper until the morning she testified in the Probate Court; "that she did not know whether the testatrix had signed it when she put on her name as a witness." She further testified that she did not see the testatrix sign the instrument.

If the testatrix signed the paper in the presence of the wit-

nesses and before it was subscribed by them, as the witness Coates testified, the jury would have been warranted in finding that the will was executed according to law, and the judge so instructed them. If the will was not so signed, the question remains whether it was duly attested and subscribed in accordance with the statute of wills. R. L. c. 135, § 1.

There was evidence from which the jury could have found that when two of the witnesses wrote their names upon the paper the signature of the deceased (if she had previously signed) was concealed from them. If the jury so found, there was not an acknowledgment by her of her signature. The case is governed by *Nunn* v. *Ehlert*, 218 Mass. 471. That decision is founded upon correct principles and as therein shown is in accord with previous decisions of this court. It is not contrary to *Tilden* v. *Tilden*, 13 Gray, 110.

The third and fourth requests of the proponent were contrary to the law as stated in *Nunn* v. *Ehlert, supra,* and could not properly have been given. The instructions of the presiding judge were full and accurate.

*Exceptions overruled.*