ARABELLA B. WEAVER *vs.* ARTHUR Y. MITCHELL.

Suffolk.   December 3, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Decree, Appeal.   *Res Judicata.   Estoppel.*

A few days subsequent to the entry of a decree in a probate court allowing a will which established a trust, one of the beneficiaries thereof filed in that court a petition seeking the revocation of the decree and the allowance of a certain writing as the testator's will.   At the hearing of such petition, counsel for the petitioner stated that he had another writing "exactly like . . . [the writing offered], a duplicate, and the witnesses signed the . . . [second writing] at the same time they signed . . . [the first writing], but it [the second writing] comes under the same rule; I have not offered it because it would not make any difference in the testimony."   It was found that the signature of the deceased to the first writing was not made nor acknowledged by him in the presence of the attesting witnesses; and the petition was denied. No appeal was taken by the petitioner.   More than six years later, when the petitioner had for several years received payments from the trustee of the trust under the will which was allowed, and after the allowance of the final account of the executor under that will, the petitioner through different counsel filed a second petition similar to the first, seeking the allowance of the second writing as the will of the deceased.   It was found that the attesting witnesses signed both papers, which were duplicates, at the same time; that they saw the signature of the deceased; and that, although the deceased asked them to witness the paper he had signed, he did not ask them to witness his signature.   The petition was denied.   *Held,* that it properly was denied; the petitioner had had his day in court at the hearing of the first petition and could not, at the time of the second petition, seek the revocation of the decree allowing the will.

PETITION, filed in the Probate Court for the county of Suffolk on November 15, 1927, and described in the opinion.

The petition was heard by *Prest,* J., and was denied.   The petitioner appealed.   Material facts found by the judge are stated in the opinion.

*J. E. Hannigan,* (*A. M. McDonough* with him,) for the petitioner.

*E. A. Whitman,* for the respondent.

CARROLL, J.   This is a petition, dated November 6, 1927, for letters of administration with the will annexed of the

estate of Alice M. Robinson. The petition also asks that a decree of the Probate Court dated March 10, 1921, allowing certain instruments as the last will and codicil of Alice M. Robinson be revoked.

At the hearing on the petition for administration with the will annexed and for the revocation of the former decree, it was found that Alice M. Robinson died February 22, 1921; that on February 25, 1921, a petition was filed by Arthur Y. Mitchell for the allowance of a will and codicil of said Robinson, in which he was named as executor; that on this petition a citation issued which was duly published and mailed to all interested persons; that on March 10, 1921, this will and codicil were proved and allowed. This will gave the property of the testatrix to Mitchell in trust, to pay the income to the sisters of the testatrix, Arabella B. Weaver and Annie B. Cushing, during their lives; on their death the principal to be paid to Hewitt G. Fletcher, Jr., the son of Hewitt G. Fletcher and Frances M. Fletcher; it was dated February 18, 1919, and the codicil was dated March 1, 1919.

It was also found that on March 21, 1921, Arabella B. Weaver filed in the Probate Court a petition seeking letters of administration with the will annexed, and praying for the revocation of the decree of March 10, 1921, allowing the will dated February 18, 1919, and codicil dated March 1, 1919. The will referred to in the petition of March 21 is printed in a footnote.* In the report it is designated "B."

At the hearing on the present petition it was found that at a hearing on the petition of March 21, 1921, the judge found

---

*"To Whom It May Concern

This is to certify that I am in my right mind and perfectly able to dispose of my belongings. I wish my two sisters, Mrs. Arabella B. Weaver and Miss Annie B. Cushing, both of Dorchester Mass to have *everything*, now belonging to me except what I have previously arranged for.

They, my two sisters, are to take my possessions where ever placed and divide between them, *just as they* wish without any interference.

It is my wish that they (my two sisters) do *exactly as they wish* with what belongs to me.

All my bills and indebtedness will be paid by Mr. Arthur Y. Mitchell 52 Temple Place   Old Colony Trust Company, as previously arranged for.

                                        ALICE M. ROBINSON

                        Witness ⎰Anna M. Richardson
                                ⎱M B Drake
                                 Etta D. Morse"

that the testatrix did not sign her name or acknowledge her signature in the presence of the attesting witnesses; it was decreed that the will offered for probate in the petition of March 21 be disallowed. It was further found that in the present petition Arabella B. Weaver made the same allegations as in the petition of March 21, 1921; that the instrument offered for probate is a duplicate of the instrument marked "B", both instruments being in the handwriting of the testatrix; that at the hearing on the petition of March 21, 1921, the then counsel for the petitioner, in open court, when he presented the alleged will marked "B" stated that he had "another paper exactly like that, a duplicate, and the witnesses signed the paper at the same time they signed that, but it comes under the same rule; I have not offered it because it would not make any difference in the testimony"; that the will now offered for probate is the paper above referred to by the then counsel for the petitioner. The judge at the hearing on the petition dated November 6, 1927, found that, although the attesting witnesses testified that they signed but one of said papers, they in fact signed both papers on the same occasion; that they saw the signature of Alice M. Robinson; that the deceased did not refer to said papers as her will; that she asked the witnesses to witness the paper she had signed, but did not ask them to witness her signature.

It also appeared that the executor of the will dated February 18, 1919, filed his first and final account, which was allowed February 28, 1923; that the trustee under the will has paid to the petitioner and her sister from October, 1922, to October, 1926, the sum total of $1,512.49, one half to each. The judge denied the petition dated November 6, 1927. The petitioner appealed.

When the petitioner was before the court on her former petition, she offered for probate the instrument marked "B," which was disallowed on the ground that the testatrix did not sign her name or acknowledge her signature in the presence of the attesting witnesses. When this instrument was offered in evidence, the then counsel for the petitioner stated, in open court, that the other paper in his possession

was exactly like the paper marked "B"; that the witnesses signed "the paper at the same time they signed that." He admitted it came under the rule and he did not offer the paper now presented for probate because it would not make any difference. We interpret this statement to mean that the witnesses signed both the instruments at practically the same time and under the same conditions; that the testatrix did not sign either of the instruments or acknowledge her signature in the presence of the attesting witnesses. See *Nunn* v. *Ehlert*, 218 Mass. 471.

The petitioner had her day in court. When she was heard on her former petition to have allowed the paper marked "B," she then had in her possession the alleged will now offered. She admitted through counsel who then represented her, in effect, that the testatrix did not sign her name or acknowledge her signature in the presence of the witnesses. As the petitioner did not appeal from the decree disallowing her petition of March 21, 1921, she cannot be heard, more than six years after that decree was entered, and when she has received the income of the trust funds given her by the will which she now seeks to have set aside and the decree allowing it revoked. The paper marked "B" and the paper involved in the present petition were essentially the same. One was the duplicate of the other. They were signed by the witnesses on the same occasion. The same disposition of the property was made in each, the beneficiaries were the same and they received in each instrument the same amount. When the paper marked "B" was offered, the parties interested, knowing a duplicate instrument was in existence, in good faith should have offered it or then acted in a way to show that they relied on it as a valid instrument.

*Decree affirmed.*