RALPH TREDICK *vs.* ELIZABETH M. BRYANT.

Franklin.   September 18, 1929. — October 7, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Will,* Validity, Signature of testator, Attestation.

A will is not attested as required by G. L. c. 191, § 1, and probate thereof
   properly is refused, although the intended testator requested the
   witnesses to come to his home to witness his will, and, when they
   arrived, produced the paper upon which the purported will was written,
   said in substance that it was his will and requested them to sign as
   witnesses, and it appears that "the will was on the table, was under
   the hand of each witness while he or she was signing it, and that no
   witness was told not to look at it, or was prevented from looking at
   it or its contents," if it also appears that the witnesses did not see the
   testator sign the instrument, did not see his signature upon it, and were
   not told that it was there.

PETITION, filed in the Probate Court for the county of
Franklin on June 5, 1928, for proof of the will of Lucy B.
Tredick, late of Ashfield.

The petition was heard in the Probate Court by *Thomp-
son,* J.  Material facts shown by the record are stated in
the opinion.  The petition was dismissed.  The petitioner
appealed.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the
petitioner.

*J. T. Bartlett,* (*J. W. Haselton* with him,) for the re-
spondent.

SANDERSON, J.  The petitioner offered for probate the
alleged will of Lucy B. Tredick, who died July 12, 1927.
It purported to be attested by three witnesses.  The
parties filed a stipulation in the Probate Court that all the
witnesses to the will would testify, in addition to what
they had already testified, that at the time the will was
witnessed by each it was on the table under the hand of
each witness while he or she was signing it, and that no
witness was told not to look at it or was prevented from

looking at it or its contents. It does not appear from the copy of the instrument printed in the record that any signature was in the usual place for the signature of a testatrix, but the signature to a will may be anywhere upon the written instrument, the burden being on the proponent to prove that the testator signed it for his will. *Thomson* v. *Carruth*, 218 Mass. 524, 532. The instrument was in the handwriting of the deceased. The clause signed by the three witnesses was in the following words: "Lucy B Tredick of Ashfield Massachusetts signed the foregoing instrument in our presence, declareing it to be her last will; and as witnesses thereof we three do now at her request in her presence and in the presence of each other, hereto subscribe our names."

The judge of probate, after hearing, entered a decree disallowing the instrument as a will. The specific ground stated for the entry of the decree was that the deceased so folded the paper that "the three other persons who subscribed their names thereon did not see her signature or name, written thereon." It is assumed from this statement of the ground on which the decree was based that, when the witnesses signed, the instrument was complete in the form in which it was offered for probate except for their signatures, and that somewhere upon it was the signature of the deceased made for the purpose of executing her will, although in the record none of these facts are stated. It is evident from the record that the witnesses did not see the testatrix sign the instrument, nor see her signature upon it, nor were they told that it was there.

In the Supreme Judicial Court the parties filed a stipulation in the following terms: "It is agreed that the testatrix requested the several witnesses to come to her home to witness her will. When they arrived she produced the paper upon which the purported will is now written and said in substance it was her will and requested them to sign as witnesses." G. L. c. 191, § 1, provides that a person of full age and sound mind may by his will in writing signed by him or by a person in his presence and by his express direction, and attested and subscribed in

his presence by three or more competent witnesses, dispose of his property. Section 7 provides that no will except as provided in this chapter and in chapter 209 shall pass any property real or personal. "In this Commonwealth it is settled law that an instrument, to be valid as a will, must be signed in the presence of the witness who subscribes the instrument and attests the signature of the testator; or that the signature to the instrument must be shown to such a witness and acknowledged to be that of the testator, before the witness shall subscribe his name and attest the signature of the testator then upon the instrument." *Leatherbee* v. *Leatherbee*, 247 Mass. 138, 140. See also *Chase* v. *Kittredge*, 11 Allen, 49, 63, 64. In *Nunn* v. *Ehlert*, 218 Mass. 471, the court said at page 476: "Apart from authority it is manifest that a person does not acknowledge a signature to be his where no signature can be seen. All that he does in such a case is to acknowledge the fact that he has signed . . . . It follows that where the signature is hidden there is not the equivalent of the statutory requirement that the writing shall be 'signed' in the presence of the attesting witnesses." See also *Hall* v. *Hall*, 17 Pick. 373.

As matter of law, upon the facts disclosed upon the record, including the stipulations filed in the case, the decision of the Probate Court that the will was not legally executed was right. The case is controlled by and cannot be distinguished in principle from *Nunn* v. *Ehlert*, 218 Mass. 471. See also *Hawkes* v. *Hawkes*, 230 Mass. 11; *Weaver* v. *Mitchell*, 265 Mass. 567.

*Decree affirmed.*