WILLIAM O. BARBER *vs.* WAYNE HENDERSON & others.

Essex.   March 6, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Will,* Execution.   *Words,* "Attested."

A ruling that a will was not duly executed was not required by the fact
that one of three witnesses did not see the signing of the will by the
testator or his signature at any time, where it appeared that the will
lay flat on a table in full view of each witness when he signed and
that no attempt was made to conceal the signature from them.

It is not necessary to proper attestation of a will by a witness that he
should know that the paper he is witnessing is a will.

PETITION, filed in the Probate Court for the county of
Essex on May 11, 1938, for proof of a will.

After hearing by *Phelan,* J., the petition was allowed.
The respondents, next of kin, appealed.   The appellants'
brief contained the following: "It is admitted that the sig-
nature of the deceased may be in the body of the will as
well as at the end, and that the evidence justified a finding
that the 'words at the top of the purported will, namely,
"I, Isabelle Barber" constituted the testatrix's signature'."

*M. I. Bernstein,* for the respondents.

*H. E. Jackson,* (*R. K. Patch* with him,) for the petitioner.

QUA, J.   The issue is whether an instrument presented
for probate was lawfully executed as the will of Isabelle
Barber, late of Essex, deceased.   The instrument is wholly
in the handwriting of Isabelle Barber herself.   It consists
of a few lines on a single sheet of paper.   It reads as follows:
"I Isabelle Barber give all Real Estate to Annie M. Barber.
Money in Salem Savings bank, National Bank and Bevyly
Bank equaly divid to Anni M. Barber 34 Walter St   Salem
and William O. Barber.

                    Edward S. O'Leary
                    Annie R. French
                    Katherine L. Wixon"

The judge of probate found that the name of the testatrix at the top of the instrument constituted her signature. *Meads* v. *Earle*, 205 Mass. 553. *Porter* v. *Ballou*, 303 Mass. 234. He further found that the witness Wixon, before signing, read the will (presumably including the signature of the deceased); that the witness O'Leary saw the signature of the deceased before the witness affixed his signature; but that the remaining witness, French, "did not see the signing of the will by the testatrix nor did she actually see the signature of the testatrix on said purported will at any time," although "the will was flat on the table, in full view of each witness as he or she signed," and "no attempt to conceal the writing was made when the witnesses signed." The judge concluded that "facts essential to a good attestation were present, and that the will was attested and subscribed in accordance with the provisions of the Statute." No objection is made to the subsidiary findings hereinbefore stated on the ground that the evidence (which is reported) failed to support them. The principal contention of the appellants is that the final conclusion that the will was duly executed cannot stand in the face of the subsidiary finding that the witness French neither saw the testatrix sign nor saw her signature at any time after she had signed.

This contention of the appellants is determined against them by decisions of this court. A will must be signed by the testator or by a person in his presence and by his express direction and "attested and subscribed in his presence by three or more competent witnesses." G. L. (Ter. Ed.) c. 191, § 1. For more than a century it has been held, following English decisions upon a similar statute, that a will is "attested" by a witness in the presence of the testator if the testator acknowledges his signature previously placed thereon by exhibiting the paper to the witness and declaring it to be his will. *Hall* v. *Hall*, 17 Pick. 373, 379, 380. *Finucane* v. *Finucane*, 289 Mass. 101. It has also long been held that an attestation under these circumstances is valid even though the witness may not actually see the signature upon the paper which the testator exhibits as his will. *Dewey* v.

*Dewey,* 1 Met. 349, 353, 354. *Hogan* v. *Grosvenor,* 10 Met. 54, 56. *Osborn* v. *Cook,* 11 Cush. 532. *Tilden* v. *Tilden,* 13 Gray, 110. *Ela* v. *Edwards,* 16 Gray, 91. *Chase* v. *Kittredge,* 11 Allen, 49, 52. *Meads* v. *Earle,* 205 Mass. 553, 554, 557. These decisions have never been overruled and still state the law commonly applicable to such facts not only in this Commonwealth but generally, where the statute is like ours. See cases collected in 68 C. J. "Wills," §§ 357–362, and in Schouler, Law of Wills, Executors and Administrators (6th ed.) § 527. Compare *Matter of Redway,* 238 App. Div. (N. Y.) 653, affirmed 265 N. Y. 519.

It is unnecessary to consider whether the more recent case of *Nunn* v. *Ehlert,* 218 Mass. 471, merely distinguishes the earlier cases or in some degree qualifies them in the special instance which that case presents. In any event *Nunn* v. *Ehlert* goes no further than to decide that a testator does not acknowledge his signature upon the instrument when he conceals that signature from the witness, and that under such circumstances there is no valid attestation. Except in cases of concealment, the earlier decisions remain untouched and their authority unimpaired. Compare *In the Goods of Gunston,* 7 P. D. 102, with *Daintree* v. *Butcher,* 13 P. D. 102. In the case at bar it is expressly found that no attempt was made to conceal the writing, and that the will was flat on the table in full view of each witness. The cases of *Hawkes* v. *Hawkes,* 230 Mass. 11, and *Tredick* v. *Bryant,* 269 Mass. 50, merely follow *Nunn* v. *Ehlert* under similar circumstances. The language of the court in *Hawkes* v. *Hawkes,* at page 14, indicates that the court regarded the earlier decisions as still in force. See *Pratt* v. *Dalby,* 223 Mass. 559, 561. The passage from *Leatherbee* v. *Leatherbee,* 247 Mass. 138, 140, quoted in *Tredick* v. *Bryant,* at page 52, is in very general terms and is not to be read (contrary to some of the very cases there cited) as requiring that the witness must actually see the testator's signature.

The appellants further contend that the evidence would not support a finding that the witness French was informed that the paper she was witnessing was a will. Without discussing the evidence it is enough to say of this contention

that it is not necessary that a witness should know that the paper is a will. *Dewey* v. *Dewey*, 1 Met. 349, 353. *Hogan* v. *Grosvenor*, 10 Met. 54, 57. *Osborn* v. *Cook*, 11 Cush. 532. *Tilden* v. *Tilden*, 13 Gray, 110, 114. *Chase* v. *Kittredge*, 11 Allen, 49, 52. *Ela* v. *Edwards*, 16 Gray, 91, 92. *Nunn* v. *Ehlert*, 218 Mass. 471, 481. There was ample evidence that the testatrix herself intended the paper to be her will.

*Decree affirmed.*