AGNES R. LeBLANC *vs.* ANN F. COOMBES & others.

Middlesex.    November 10, 1949. — March 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Will*, Execution.

Expected testimony by one of three witnesses to a will merely that, when she was asked to sign, the will was "folded over, that she did not see the signature of" the alleged testator, and "that the only signature she saw on the will was that of" another witness, did not require the granting of a motion for the framing of a jury issue as to due execution of the will.

PETITION, filed in the Probate Court for the county of Middlesex on November 15, 1948, for proof of the will of Catherine M. Carruthers, late of Everett.

A motion for jury issues was heard by *Monahan, J.*

*F. L. Conway, Jr.,* for the contestants, submitted a brief.

*P. V. Maggio,* (*D. F. O'Grady* with him,) for the proponent.

WILLIAMS, J. This is an appeal from an order of the Probate Court denying a motion to frame issues for trial by jury as to the lawful execution of the will of one Catherine M. Carruthers, late of Everett, and the procurement of such execution by the undue influence of Agnes R. LeBlanc.

The case was heard in the Probate Court on statements of expected evidence by counsel for the contestants and for the proponent. *Smith* v. *Patterson,* 286 Mass. 356, 358. Issues for trial by jury are not to be framed unless from statements of counsel or otherwise it appears that there is "a genuine question of fact supported by evidence of such substantial nature as to afford ground for reasonable expectation of a result favorable to the party requesting the framing of issues." *Smith* v. *Patterson,* 286 Mass. 356, 358-359. *Briggs* v. *Weston,* 294 Mass. 452, 454. *Hannon* v. *Gorman,* 296 Mass. 437, 438. This court reviews the case as stated by counsel, giving to the decision of the probate judge the weight to which it is entitled in the light of the whole record. *Clark* v. *McNeil,* 246 Mass. 250, 254-256. *Hannon* v. *Gorman,* 296 Mass. 437.

The will in question was executed by the decedent on May 8, 1947. She died on October 31, 1948. Of her seven children each was bequeathed $5 except a daughter, Agnes R. LeBlanc, who was left the residue of the estate and was named as executrix of the will. The expected evidence as to the execution of the will stated by counsel for the proponent, Agnes R. LeBlanc, was that the will was drawn by an experienced attorney at the request of the decedent; that it was signed by the decedent in the presence of three witnesses, the attorney, a Mrs. Doyle, and a Miss McCusker; and that at the request of the decedent all three signed as witnesses. Counsel for the contestants, who are the children of the decedent other than the proponent, Agnes R. LeBlanc, stated that a "witness to the will, Miss McCusker,

will testify that when she was asked to sign her name to the will it was folded over, that she did not see the signature of Mrs. Carruthers, that the only signature she saw on the will was that of Elizabeth Doyle."

The offered statement is not to the effect that the decedent did not sign the will in the presence of the witnesses, nor that, when the witnesses signed, the signature of the decedent was not on the will, but that, when she, the witness, signed, the will was folded over and she did not see the decedent's signature at that time. This fact, if proved, would not invalidate the will. This is not a case where the decedent, having previously signed her will, purported to acknowledge her signature in the presence of a witness, the signature, at the time, being concealed so that the witness could not see it. *Nunn* v. *Ehlert*, 218 Mass. 471. *Hawkes* v. *Hawkes*, 230 Mass. 11, 13–14. See *Pratt* v. *Dalby*, 223 Mass. 559; *Hogan* v. *Whittemore*, 278 Mass. 573, 576. There was no error in the refusal to frame an issue on the proper execution of the will.

It would serve no useful purpose to narrate the facts expected to be proved by the contestants relating to the issue of undue influence. *Burroughs* v. *White*, 246 Mass. 258. The governing principles of law applicable thereto have frequently been stated. See *Neill* v. *Brackett*, 234 Mass. 367, 369–370; *Fuller* v. *Sylvia*, 240 Mass. 49; *Clark* v. *McNeil*, 246 Mass. 250. In our opinion the expected evidence did not require the framing of such an issue. See *Smith* v. *Patterson*, 286 Mass. 356, 360–361; *O'Brien* v. *Collins*, 315 Mass. 429, 437.

*Order denying motion for jury issues affirmed.*