WILLIAM W. LAWS *vs.* MARY E. ASCHENBECK & another.

Essex.    February 6, 7, 1950. — May 5, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Will,* Execution.    *Probate Court,* Jury issues.

It was error for a judge of probate to deny a motion for a jury issue as to the due execution of an alleged will offered for probate where, in addition to other expected evidence unfavorable to the will, one of the subscribing witnesses thereto might be expected to testify that the testatrix did not sign it in the presence of the witness, that the witness did not know it was a will, and that the witness did not sign it in the presence of the testatrix.

PETITION, filed in the Probate Court for the county of Essex on February 9, 1937, for proof of the will of Margaret Laws, late of Beverly.

A decree allowing the will was subsequently revoked. The respondents thereafter filed motions for jury issues, which were heard and denied by *Costello,* J. The respondents appealed.

*A. R. Linscott,* for the respondents.

*S. Macmillan,* (*G. C. Cutler, Jr.,* with him,) for the petitioner.

WILLIAMS, J.    Mary E. Aschenbeck and William F. Laws have appealed from orders of the Probate Court denying their motions to frame the following issues for trial by jury in relation to the petition for probate of the will of Margaret Laws, late of Beverly: "1. Was the instrument propounded for probate as the last will of Margaret Laws executed according to law?    2. Did said Margaret Laws execute said

instrument with the understanding and purpose that it should be her last will and testament?" A third request for the framing of an issue as to the exercise of fraud or undue influence on the part of William W. Laws, the proponent of the will, has been waived. The motions were heard on statements by counsel of expected evidence, a transcript of the hospital record of the decedent, the deposition of one Father Degan, and affidavits of the three subscribing witnesses to the will. The will, written in longhand on one side of a sheet of paper reads: "Oct 14 — 1933  Know all men by these presents that I, Margaret Laws of Beverly do make and declare this as my last will. I give devise and bequeath all my property, real, personal or mixed to my husband William Laws  I leave nothing to any of my children Margaret Laws [Witnesses] Mary A. Bartley — Beverly Catherine G. Enman [Beverly] Mary G. Fitzpatrick Salem." No question is raised as to the authenticity of the signatures of the decedent or of the subscribing witnesses. The proponent is the husband of the decedent, and the respondents are two of her three surviving children, the third child being mentally incompetent.

The decedent entered the Beverly Hospital on September 15, 1933, underwent a serious surgical operation on October 7, and died on October 22, 1933. Although the will is dated October 14, that date as being the actual date of execution is questioned by the respondents.

The instrument was first offered for probate by William W. Laws in 1937. From the time of its execution in 1933 until it was filed in the Probate Court on February 9, 1937, it was in the possession of William W. Laws or his attorney. On June 7, 1937, it was admitted to probate. William W. Laws was appointed administrator with the will annexed. On November 10, 1948, on petitions of the present respondents, the decree allowing the instrument as the will of Margaret Laws was revoked, the "decrees" of revocation reciting, "It appearing that the court was without authority to enter the decree dated June 7, 1937, because of irregularity in the proceedings." A new citation thereupon issued

on the original petition of February 9, 1937, the citation being returnable on January 31, 1949.

The record before us discloses that to a large extent the expected evidence depends on conflicting statements contained in affidavits obtained at different times by the respective parties from the subscribing witnesses. Counsel for the respondents presented affidavits obtained by him from the subscribing witnesses in 1946. Counsel for the proponent presented affidavits of two of the subscribing witnesses obtained by him in March, 1949. A summary of the contents of these affidavits, of the expected testimony of William F. Laws and of the deposition of Father Degan follows. Mary G. Fitzpatrick, who was a nurse in the Beverly Hospital in 1933 and a subscribing witness to the will, stated in an affidavit made in 1946 that she recognized her signature on the will and remembered signing a paper. "I recall that on the paper which I signed was Mrs. Laws' signature. I do not recall seeing her sign it and I will say that she did not sign it in my presence. The other witnesses whose names appear on the paper did not sign in my presence. I did not sign in their presence or in the presence of Mrs. Laws. . . . I think it was the day before the operation when a paper which I am sure was this paper was brought to me and I was asked to sign it as a witness. My recollection is that Mr. Laws asked me. He said a great deal of property was in Mrs. Laws' name and while she was ill this would enable him to take care of the matter. I did not read the paper. I know Mrs. Laws' signature was on it because I saw it. I asked Father Degan if it was all right to sign and he said, 'Oh, yes,' so I signed my name. I cannot recollect whether the names of Mary A. Bartley and Catherine Enman were on the paper when I signed or not. Nothing whatever was said about it being a will. I did not know it was a will."

Mary A. Bartley, superintendent of the Beverly Hospital, stated in an affidavit made in 1946 that her recollection was that Mr. Laws asked her to sign a paper; that Mrs. Laws did not sign the paper in her presence; that Mrs. Enman

(a subscribing witness) was there when she signed and that
Mary Fitzpatrick was not there. "My recollection is that
I signed the paper not in the room where Mrs. Laws was but
at the desk in the corridor just outside the room. I did not
know that the paper I signed was a will."

Catherine G. Enman, a nurse at the Beverly Hospital,
stated in an affidavit made in 1946 that she had no recol-
lection of witnessing a will nor anything about Mrs. Laws
making a will.

It was stated that the respondent William F. Laws would
testify that his mother signed a paper two or three days be-
fore her death, the only persons present being Father Degan,
the husband William W. Laws, and the son William F.
Laws.

An affidavit of Mary A. Bartley obtained by counsel for
the proponent in March, 1949, stated, referring to her affi-
davit of 1946, that her recollection of signing a paper in the
corridor was, she was certain, associated with an entirely
different person from Margaret Laws. "Monsignor Degan
met me in the hall and asked me if I would be a witness for
Margaret Laws. . . . I can see myself standing on the left
hand side of Mrs. Laws' bed. I can see her propped up in a
partially sitting position with pillows behind her head."
Mrs. Enman stated in an affidavit of March, 1949, that "I
remember Margaret Laws signing her will. . . . The record
shows that I gave testimony before Judge Dow in Salem in
1937. At that time my memory of witnessing the will of
Margaret Laws was comparatively fresh. That testimony
was, of course, the truth."

Material portions of the deposition of Father, now Mon-
signor, Degan are in substance that on October 14, 1933,
Margaret Laws asked him to get somebody to make out a
"statement" about the disposition of her property. He pro-
cured an attorney to draft the will in question and then re-
turned with it to the hospital on the same day. Mrs. Laws
read it and said that it was all right. Three nurses were
obtained as witnesses and "Mrs. Laws signed the will in
their presence, and they in turn signed their own names in

her presence and in my presence, in that room." He then gave the will to William W. Laws, the husband, who was in the corridor outside of his wife's room.

The principles involving the disposition of motions in will cases to submit issues of fact for the consideration of a jury are well settled. *Fuller* v. *Sylvia*, 240 Mass. 49. An appeal from an order of the probate judge to this court, "where the evidence or statements of counsel received and accepted in lieu of evidence are reported, stands before this court precisely as does an appeal from a decree entered by a judge in equity with full report of the evidence. Such an appeal brings before this court questions of fact as well as of law. It is the duty of this court to examine the evidence, to reach its own conclusion as to the facts, and to decide the case according to its own judgment, giving due weight to the finding of the judge. . . . An appeal from a decree based on statements of counsel of what he expects to prove is nearly on the same footing as an appeal in equity where the evidence is documentary, and the appellate court stands where the judge who heard the case stood in respect to inferences to be drawn." *Cook* v. *Mosher*, 243 Mass. 149, 152–153. *Clark* v. *McNeil*, 246 Mass. 250, 254–255.

It is provided by G. L. (Ter. Ed.) c. 191, § 1, that a will shall be signed by the maker "or by a person in his presence and by his express direction, and attested and subscribed in his presence by three or more competent witnesses." It is not contended that in this case there is involved any alleged acknowledgment by the decedent before witnesses of her signature to a will previously signed by her. See *Nunn* v. *Ehlert*, 218 Mass. 471; *LeBlanc* v. *Coombes*, 325 Mass. 431. Witness Fitzpatrick, and witness Bartley in the first of her affidavits, each states that the will was not signed by the decedent in the presence of the witness and that the witness did not sign in the presence of the decedent. The witness Enman, who was called to prove the will in 1937, apparently has no present personal recollection of the facts relating to its execution. Although we may assume that Miss Bartley in view of her more recent affidavit may be expected to

testify that the will was executed in her presence, Mary G. Fitzpatrick, a subscribing witness, is apparently prepared to testify that the maker of the will did not sign the will in the presence of the witness and that the witness did not subscribe the will in the presence of the maker. In our opinion therefore the issue as to the legal execution of the will should be submitted to a jury. There was error in refusing to allow the motions so far as they pertain to the first issue.

The evidence did not go far enough to justify the framing of the second issue. See *Hanford* v. *Mercier*, 310 Mass. 828.

The orders of the Probate Court should be modified by allowing the motions to frame for submission to a jury the first issue set forth in the motions. As so modified the orders are affirmed.

*So ordered.*