In the Matter of the Probate of the Will of THEODORE M. BANTA, Deceased.

Surrogate's Court, Queens County, December 10, 1953.

*Weller, Rogers, Bergen & Rochford* for Helen Banta, proponent.

SAVARESE, S. Theodore M. Banta became seriously ill at Montreal, Canada, on May 16, 1953, and died on the same day. Before his death the attending physician penned for him on a single sheet of white paper a testamentary instrument which he subscribed at the end thereof and whereat there also appears under the word "Witness" the signature of the doctor-draftsman and that of one G. L. Kingsbury. By the terms of the writing decedent's mother receives the income of his estate for her life. The remainder is divided upon her death equally among his two sisters and one Margaret Kingsbury. Decedent's sister, Helen Banta, has petitioned for the probate of the instrument and, in the absence of an appointment of an executor, for the grant to her of letters of administration with the will annexed. His mother, who is his sole distributee, has consented to probate. Since the alleged witnesses were residents of Montreal their depositions were taken there before a commissioner on written interrogatories. After reading the depositions and particularly that of G. L. Kingsbury a doubt arose in the mind of the Surrogate as to the validity of the execution of the instrument. Since a denial of probate would result in decedent's mother taking his entire estate to the exclusion of the three named remaindermen, the Surrogate made an interim decision directing a hearing on a designated date and suggested that the witnesses be produced and examined orally. The proponent was directed to serve a copy of the Surrogate's memorandum on all the interested parties, and although the direction was complied with neither the witnesses nor any of the parties appeared on the day set for the hearing. Only the proponent's attorney appeared and he stated that his client had no additional testimony to present and thereupon submitted the matter for consideration and disposition on the depositions.

The testimony of the doctor satisfactorily establishes that he was present when the testator signed the instrument, that he heard him declare the same to be his will, that he signed the instrument as a witness at the request of testator, and that testator was, at the time of the execution thereof, free from restraint and competent in all respects to make a will. The doctor further testified that Miss G. L. Kingsbury, the other witness, was in the "next room," and that she signed the instrument in his presence "just outside the door from Mr. Banta's room." Miss Kingsbury testified that she knew Mr. Banta about thirteen years; that, at the time the transaction took place, he was in a bedroom in the apartment occupied by her sister and herself; that while she was in the "next room" she heard him say, referring to her, "Gert will sign as a witness"; that a few minutes before she heard him say to the doctor "I'd like to make my will"; that she did not see Mr. Banta sign; that the doctor brought the document to her in the next room and in his presence she signed it "by the open door to the bedroom where Mr. Banta was laying down." She said she did not see the doctor sign "because he signed in the other room with Mr. Banta."

Section 21 of the Decedent Estate Law provides as follows: "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will. 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses. 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament. 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

The Surrogate finds upon the evidence that testator requested the witness Kingsbury to sign as such and that she was made aware of the testamentary character of the instrument. Since the evidence clearly shows that the witness did not see testator make his subscription, it was incumbent upon him to acknowledge same to her. Subscription or acknowledgment in the presence of the witnesses, and a publication of the instrument as a will, are two distinct acts and both are necessary. It is the subscription, not the will, which is to be acknowledged. The statute is explicit, and will not be satisfied with anything short

of a substantial compliance with its terms. Where a testator does not subscribe in the presence of a witness, then the signature must be shown to the witness and identified and recognized by the testator, and in some apt and proper manner acknowledged by him as his signature. (*Lewis* v. *Lewis,* 11 N. Y. 220; *Matter of De Haas,* 9 App. Div. 561.) The instrument should be exhibited with the signature visible to the witness at the time testator acknowledges the signature to be his. (*Matter of Mackay,* 110 N. Y. 611; *Matter of Laudy,* 148 N. Y. 403.) A signature which is not identified to the witness by the maker cannot be said to have been acknowledged by him. The signature must be called to the attention of the witness when the acknowledgment is made by the testator. Acknowledgment of the signature must include the same identification of the written words as necessarily exists when the witness sees the testator write. (*Mitchell* v. *Mitchell,* 16 Hun 97, affd. 77 N. Y. 596; *Matter of Redway,* 238 App. Div. 653, affd. 265 N. Y. 519.) Here the facts disclose that the witness Kingsbury did not enter the room where the testator lay, that the instrument was handed to her in another room by the scrivener, and that neither immediately before nor at the time she signed same was any word said to her by the testator or act done by him which could be considered an acknowledgment of his subscription. It is, therefore, my opinion that there was no acknowledgment by the testator of his subscription to the witness as required by the statute, and that the propounded instrument was not properly executed. Since the instrument is in writing and subscribed by the testator it is necessary to consider whether or not it was executed in the manner prescribed by the law of the Province of Quebec, Canada. (Decedent Estate Law, § 22-a.) There the statute authorizes the execution of a will before two subscribing witnesses who sign as such in the presence of the testator and of each other. (Quebec Civ. Code, § 842s.) Since the proof demonstrates that both witnesses did not sign in the presence of the testator and of each other, the instrument was not properly executed according to the law of the Province of Quebec. The instrument, not having been executed in conformity with the law of New York or of the place of its purported execution, must be and is denied probate. Proceed accordingly.