Roy M. Page, S.
The issue presented in this case is as to whether, at the execution of the propounded instrument, there was a sufficient compliance with section 21 of the Decedent Estate Law. In this case, concededly, the document in question was not signed by the alleged testator in the presence of the sole surviving attesting witness. 'The question is whether, alternatively, the alleged testator duly acknowledged his signature.
The propounded instrument consists entirely of the alleged testator’s writing on a single sheet of ordinary legal cap paper. Except for the indorsement on the back, it is confined to the first page. Without any attestation paragraph, the signatures of the two witnesses are in the lower left corner of the paper writing, the only part of it not in the testator’s handwriting.
The names of the attesting witnesses are Jefferson R. Wood and Dennis J. Corkery. The former predeceased the alleged testator. The latter was the only witness who testified.
The substance of his testimony is that the alleged testator, a neighbor of his, with whom he was on very friendly terms, at some time shortly after the date of December 5, 1944 borne by the instrument, came to see him at a time when he was work *981 ing at something in the basement of his home. The witness Oorkery testified that, after some exchange of greetings between himself and Mr. Inglis, the latter pulled a paper out of his pocket and handed it to the witness, saying, “ Denny, I want you to sign my will. It is signed by another party. ’ ’ The witness sat down at a table and read the instrument. After doing this, he asked Mr. Inglis if he was satisfied with everything in it. Upon being answered in the affirmative, the witness signed it and handed it back to Mr. Inglis. This witness further testified that the propounded instrument, including the testator’s signature, except for his own signature, was exactly the same as it was when exhibited to him at the hearing on probate herein.
As a safeguard against fraud or ill-considered action, in all Anglo-Saxon jurisdictions, the law requires the observance of certain formalities in connection with the execution of a will. In New York State, these formalities are provided by section 21 of the Decedent Estate Law. An analysis of this section shows that the various formalities, required for the valid execution of a will, are a total of seven. More wills are broken because of noncompliance with some one or more of these seven provisions than for any other reason. Although no ironclad ritual is enforced, nevertheless, as stated and held by courts in innumerable cases, substantial compliance with all these formalities is strictly required. But, at least in connection with the particular formality identified with the present issue, it would seem that some relaxation of an absolute literal strictness has been developed.
The only formality with which we are especially concerned in the present case is provided by subdivision 2 of the section. Referring to subdivision 1, which provides that the will must “ be subscribed by the testator ” at its end, subdivision 2 further provides, “ 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.”
It is to be observed that there are two different situations which are controlled by this subdivision, (1) where the testator’s signature is affixed to the will in the presence of at least two witnesses; and (2) where the instrument has already been signed by the testator at the time he declares it to be his will and asks one or both of the witnesses to act as such. This case is of the latter variety. In such case, the statute requires that the testator must acknowledge his signature, as the case may be, to one or both of the witnesses.
*982 In view of the strictness with which courts enforce the formalities, as a matter of first impression, it would seem that, in any such ease as the present instance, the holding which the court would be constrained to adopt would be to say that, when the Legislature says, “ acknowledge his signature ”, it means just that, nothing more nor nothing less.
This, in effect, is the basic contention of the objectant herein. Besides the literal wording of the statute itself, among the authorities she relies on are: Matter of Redway (238 App. Div. 653, affd. 265 N. Y. 519; Matter of Mackay (110 N. Y. 611); Matter of Banta (204 Misc. 985) and Matter of Simonds (259 App. Div. 935).
Each of the above-cited group of cases is, like the present case, one in which an alleged will had not been signed by the testator in the presence of one or more of the witnesses at the time he obtained the latter s’ signatures. However, a distinguishing characteristic of all of the last above-cited set of cases is that either the testator’s own signature had not yet been affixed at the time the witness signed or, if it had been, the witness, or witnesses, testified that they did not see the testator’s signature at the time he, or they, signed it as witnesses. In many of the reported cases wherein probate has been denied because of a proponent’s having failed to sustain his burden of proof with respect to showing acknowledgment of his signature by an alleged testator, the attesting and subscribing witnesses testified that the instrument, as presented to them by the would-be testator, or someone else on his behalf, was folded in such a way as not to expose any of the written content thereof, but only the lines upon which the witnesses were to sign, that is, if the testator’s signature had been affixed at the time of attestation, they, the witnesses, could not or, at least, did not see it.
The experience of probate courts tends to show that there appears to be a widespread propensity of citizens to write their own wills, or, still avoiding lawyers, to obtain the help of some layman. The- majority of such persons seem to know about the requirement of there being two witnesses but frequently are unaware of the other formalistic requirements incident to the execution of a will. Because of this tendency on the part of many people to bypass legal assistance and supervision in making their wills, it is small wonder that cases such as the present instance are of frequent occurrence, and that many of them have found their way into law reports of nearly all Anglo-Saxon jurisdictions.
*983 Usually, in some way or another, in a manner sufficient to comply with the requirement of declaration of the instrument as a will, the would-be testator makes it known to the prospective witnesses that he regards the paper concerning which he is speaking to them as his will, thus, often inadvertently or rather accidentally, complying with the requirement of a testamentary declaration. Of course, in the absence of a testamentary declaration, invariably, probate would be denied, but, given evidence sufficient to accomplish this purpose, it would seem that the courts have strained for a way to sustain the propounded instrument as a valid will, despite the fact that there was no clear-cut or express compliance as to a specific acknowledgment by the testator of his signature to the instrument (that is, of course, in cases where it is not signed in the presence of the witnesses).
Generally, in other States and particularly in New York, it seems to be well established that, when, in fact, the propounded instrument had been signed by the testator before a prospective attesting witness had been requested to act as such and such witness renders credible testimony that, at the time he, for the first time, saw the instrument, he saw the testator’s signature, or he readily admits that, even though his memory might be faulty as to actually recalling that he saw the signature, he might or could have seen it, that is, that there was no effort made to conceal it from him, the formality as to the testator’s having acknowledged his signature is deemed to have been satisfied. In other words, this is to say that, when a testator, in some way, conveys the information to the witness that he regards the instrument as his will, and he has already signed it, he, thereby, automatically acknowledges his signature, for the instrument would not be a will at all if it had not been signed by the testator — and it being shown by evidence aliunde that it was so signed, by his acknowledgment of the instrument as his will, he also, ipso facto, acknowledges his signature.
Authoritative New York cases to this effect are: Baskin v. Baskin (36 N. Y. 416); Matter of Phillips (98 N. Y. 267); Matter of Akers (74 App. Div. 461, affd. 173 N. Y. 620) and Matter of Dodds (268 App. Div. 811, affd. 294 N. Y. 706).
For a comprehensive and extensive dissertation on the specific question presented in this case, see, also, the 22-page annotation following the case of Barber v. Henderson (304 Mass. 3), a Massachusetts Supreme Court case reported in American Law Reports Annotated (127 A. L. R. 382); see, also, 1 Davids on New York Law of Wills (§ 300, pp. 505-508) and cases there cited.
*984 In the present case, the only witness as to the alleged testator’s execution of the instrument here in question testified, in effect, that the latter told the witness, “ This paper writing is my will and I am asking you to act as the second subscribing witness to it,” and, thereupon, handed over the propounded instrument, all contained on a single paper with the alleged testator’s signature affixed at its end. The witness read over the entire writing, definitely noted the signature at its end, and then signed as the second subscribing and attesting witness. His testimony, unimpeached in the slightest degree, brings the present case clearly within the synthesis of the above-cited authorities, determinative of the instances wherein the alternative to the testator’s signing his name in the witnesses’ presence will be deemed to have been sufficiently established.
Applied to the present case, these authorities require the conclusion that the present objection with respect to alleged noncompliance with subdivision 2 of section 21 of the Decedent Estate Law, has not been sustained and must be dismissed and the proponent directed to prepare and submit a decree admitting the presently propounded instrument to probate.
Submit decree accordingly.