William J. Regan, S.
A petition has been filed together with a holographic instrument in the form of a three-page letter praying that this instrument be denied probate. The instrument consists of three unconnected sheets of stationery. The first page addresses decedent’s brother, “ Dear Nelson ” and in letter form discusses certain testamentary bequests. It is quite probable that decedent’s intention was to make this her last will and testament. The third sheet states merely, “ Witnesses to my will dated June 23, 1963.
“ Witness: Gertrude W. Cook 580 Linwood Ave., Bflo. 9, N. Y.
“ Witness: Marion Paul 589 Linwood Ave Buffalo 9, N. Y.
“ Marguerite May Moeser ”.
It is apparent, therefore, that this paper stands or falls upon the necessary conformance by its maker and its alleged witnesses to section 21 of the Decedent Estate Law, known as the Statute of Wills.
While it is true that in proceedings to construe wills the primary principle is to discover and carry into effect the intention of the decedent, still in the construction of the statute no such rule can be invoked. “ It is the intention of the legislature, not that of the decedent, which is of decisive importance.” (1 David, New York Law of Wills, p. 476.) While statutes should be strictly construed, the Statute of Wills has been interpreted so as to permit broad applications of some of its general canons. For example, both witnesses need not be present at the exact same time. Also, where the testimony of one witness is clear and sufficient to establish due execution within the statute, the will may be probated, despite the second witness’ utter loss of memory or even in the face of some testimony contrary to the due execution. Though the courts do not stand upon precise *1019 ceremony in execution of wills by laymen, yet the province of self-drawn wills by laymen is fraught with danger.
The execution of the purported will by Marguerite May Moeser might have been assisted by the addition of an attestation clause which, by its very wording, might call attention to the elements necessary. There was no attestation clause here.
The first witness, Marion Paul, was vague as to any of the required formalities. The placement of the names of the witnesses preceding that of the decedent, in reverse of the usual proper order of sequence, was not explained to the court’s satisfaction, nor clarified as to the times of such signatures.
But, standing out above all the faults of execution was the one which to this court, is insurmountable. 11 Since the evidence clearly shows that the witness did not see testator make his subscription, it was incumbent upon him to acknowledge same to her. Subscription or acknowledgment in the presence of the witnesses, and a publication of the instrument as a will, are two distinct acts and both are necessary. It is the subscription, not the will, which is to be acknowledged. The statute is explicit, and will not be satisfied with anything short of a substantial compliance with its terms.” (Matter of Banta, 204 Misc. 985, 987-988.)
It is therefore the opinion of this court that there was no acknowledgment by the testator of her subscription to the witnesses, as required by statute, and that the instrument was not properly executed, and therefore it is denied probate.